562 A.2d 875

Joseph R. SCHROCK

v.

ALBERT EINSTEIN MEDICAL CENTER, DAROFF DIVISION and Joseph L. Chapman, M.D.

Appeal of ALBERT EINSTEIN MEDICAL CENTER, DAROFF DIVISION, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 18, 1987.

Filed Aug. 2, 1989.

Robert J. Casey, Jr., Philadelphia, for Albert Einstein Medical Center, appellant.

Ronald L. Wolf, Philadelphia, for Schrock, appellee.

Paul R. Anapol, Philadelphia, amicus curiae.

James R. Farley, Pittsburgh, amicus curiae.

Carol N. Shepherd, Philadelphia, amicus curiae.

Before CIRILLO, President Judge, and CAVANAUGH, BROSKY, ROWLEY, McEWEN,* OLSZEWSKI, MONTEMURO, POPOVICH and JOHNSON, JJ.

JOHNSON, Judge:

Albert Einstein Medical Center, Daroff Division, appeals from the judgment of the Court of Common Pleas, Philadelphia County, awarding delay damages of $11,562.00 to Joseph R. Schrock. We originally granted en banc review to consider the question of whether the imposition of delay damages complied with the supreme court's decision of *Craig v. Magee Memorial Rehabilitation Center*, 512 Pa. 60, 515 A.2d 1350 (1986) which suspended the application of the mandatory provisions of former Pa.R.C.P. 238 and introduced the principle of fault into the delay damage determination. However, prior to the resolution of this matter the supreme court revised former Pa.R.C.P. 238 in light of *Craig, supra*. *See* Pa.R.C.P. 238, Explanatory Comment, 519 Pa. LXXII, LXXV (1988). This court has determined that revised Pa.R.C.P. 238, effective as of November 7, 1988, is applicable to issues properly preserved and presented in cases pending on appeal on the effective date of the revised rule. *King v. SEPTA*, 383 Pa.Super. 420, 557 A.2d 11 (1989); *Snelsire v. Moxon*, 384 Pa. 85, 557 A.2d 785 (1989). Accordingly, revised Rule 238 is determinative of the issues before us. We affirm.

The facts giving rise to this appeal are as follows. On July 13, 1981, Schrock was admitted to the Medical Center and treated by Dr. Joseph Chapman for a gun shot wound in the leg. Two weeks later, on July 27, 1981, an x-ray report disclosed that the gun shot fractured Schrock's left femur. Schrock filed a complaint in trespass on July 15, 1982, alleging that, as a direct result of the "carelessness, negligence and gross negligence" of the Medical Center and Dr. Joseph L. Chapman in failing to recognize or identify

* McEwen, J., did not participate in the consideration of this case.

the full extent of the injury for which he sought treatment on July 13, 1981, he incurred severe and disabling injuries. Schrock sought compensatory damages in excess of $20,-000.00 together with interest, cost of suit and attorneys' fees. After trial by jury, a verdict was returned which exonerated Dr. Chapman[1] and found against the Medical Center and in favor of Schrock in the amount of $25,000.00. Pursuant to former Rule 238, delay damages of $11,562.00 were molded into the verdict for a total award of $36,562.00.

On appeal, the Medical Center challenges the constitutionality of awarding delay damages in this case because such an award, they allege, "imposes additional liability on a defendant in every case in which plaintiff's demand exceeds the verdict" and because *Craig, supra,* as implemented, "creates an impermissible classification between plaintiff and defendant by imposing additional liability on a defendant which is unreasonable and arbitrary and not substantially related to any legitimate objective." Medical Center's Brief at page 7, points C & D. Neither of these arguments were presented below nor were they addressed by the trial court. Accordingly, they are waived. *Humphries v. Pittsburgh & Lake Erie Railroad Co.,* 328 Pa.Super. 119, 476 A.2d 919 (1984), cert. denied, 474 U.S. 863, 106 S.Ct. 179, 88 L.Ed. 2d 149 (1985).

Next, the Medical Center contends that the trial court abused its discretion by finding that Schrock was not responsible for delay of trial. Essentially, the Medical Center argues that because Schrock's settlement demands were unreasonable, serious attempts to settle this case were thwarted and consequently resulted in the imposition of delay damages. Both parties, in their briefs, acknowledge that the lowest settlement demand made by Schrock was $50,000.00, twice the amount of the jury verdict.

■ A defendant's responsibility for the payment of delay damages is not contingent upon the parties reaching an amicable settlement agreement. A defendant is not subject

1. Although Dr. Chapman was a named defendant at trial, he is not a party to this appeal.

to delay damages where the verdict, decision or award does not exceed his or her written offer by more than 125 percent. Rule 238(b)(1). The fact that a plaintiff refuses to make a demand reasonably close to the amount of the verdict and/or refuses to accept a viable offer by the defendant is irrelevant to whether an adequate offer was actually made.

Moreover, the plain language of Rule 238 makes clear that plaintiff's conduct will affect the delay damage award only where his or her conduct "caused the delay of *trial*." Pa.R.C.P. 238(b)(2) [Emphasis added]. The Explanatory Comment to rule 238 further states:

> [w]ith respect to [plaintiff's] delay of the trial, not every *procedural delay* is relevant to the issue of delay damages, *but only such occurrences as actually cause delay of the trial.*

Rule 238, Explanatory Comment 519 Pa. at LXXVI [Emphasis added]. While it is evident that the parties would have no reason to proceed to trial if they had settled the case, we do not perceive the failure of Schrock to make a more conservative settlement demand to be a procedural delay which actually prolonged the trial of this matter.

■ Finally, we address the Medical Center's claim that the trial court erred by assessing delay damages against them where the trial court found that the Medical Center was not responsible for delay of the trial. Rule 238 makes only two provisions for the reduction of a delay damage award. Delay damages may be avoided in their entirety where the verdict does not exceed the defendant's offer by more than 125 percent, Rule 238(b)(1), or the period of delay may be reduced by that time in which the plaintiff has contributed to the delay of trial, Rule 238(b)(2). We have also recognized in *Berry v. Anderson*, 348 Pa.Super. 618, 502 A.2d 717 (1986), which has not been superceded by the revised rule, that delay damages will not be awarded where the defendant has made an offer which exhausts his resources.

In the absence of these three circumstances, delay damages are awardable from the time the complaint is filed or one year after the accrual of the cause of action to the date of the verdict, award or decision. Rule 238(a)(2)(i). "The drafters of the revised rule 'have *not* allowed for the exclusion of periods of delay not caused by either party.'" *King v. SEPTA*, 383 Pa.Super. at 424, 557 A.2d at 13 *quoting Miller v. Wise Business Forms*, 381 Pa.Super. 236, 553 A.2d 443 (1989). Thus, delay caused by an overcrowding of the court system will not be subtracted from the period of delay chargeable against a defendant. Nor should it be, since the defendant has the ability to earn prejudgment interest upon the amount of the verdict, decision or award during the entire period that the plaintiff's claim is being litigated.

The highest settlement offer made by the Medical Center was $10,000.00, which is inadequate to relieve them of responsibility for delay damages under Rule 238(b)(1). Also, Schrock has not caused such delay of the trial as would require a reduction of the period of delay under Rule 238(b)(2). Therefore, in the absence of any fault by the parties, the trial court's determination awarding delay damages is proper. Since the Medical Center is not entitled to relief and Schrock has not challenged the trial court's award on appeal, it is unnecessary to remand this matter to the trial court for a recalculation of delay damages. *King v. SEPTA, supra; Snelsire v. Moxon, supra.*

Judgment affirmed.

BROSKY, ROWLEY and MONTEMURO, JJ., join JOHNSON, J.

CAVANAUGH, J., files a dissenting opinion, which is joined by OLSZEWSKI, J.

POPOVICH, J., files a dissenting opinion.

CIRILLO, President Judge, files a dissenting statement.

CAVANAUGH, Judge, dissenting.

I dissent and would remand for a calculation of delay damages under New Rule 238 for the reasons set forth in my Dissenting Opinion in *King v. Southeastern Pennsylvania Transportation Authority*, 383 Pa.Super. 420, 557 A.2d 11 (1989.)

OLSZEWSKI, J., joins CAVANAUGH, J.

POPOVICH, Judge, dissenting.

This is an appeal from the judgment of the Court of Common Pleas of Philadelphia County awarding delay damages of $11,562.00 in favor of the appellee/Joseph R. Schrock and against the appellant/Albert Einstein Medical Center, Daroff Division.

I cannot join in the Majority's rationale for affirming the issuance of delay damages in the absence of "fault" attributed to the appellant.

A review of the record indicates that a complaint in trespass was filed by the appellee on July 15, 1982, alleging that, as a direct result of the "carelessness, negligence and gross negligence" of the appellant (including Joseph L. Chapman, M.D.,[1]) in failing to recognize or identify the full extent of his injury for which he sought treatment—bullet wound to the left leg resulting in a fracture of the left femur sustained while attempting to stop a robbery—he incurred severe and disabling injuries for which he sought compensatory damages in excess of $20,000.00 together with interest, costs of suit and attorneys' fees.

On August 5, 1982, the appellee filed objections to a portion of the appellant's 19 pages of interrogatories, many of which were inapplicable to the case as evidenced by the "form" in which they appear of record. On August 25, 1982, an answer was submitted by the appellant denying the allegations in the complaint and seeking, in new matter,

---

**1.** Joseph L. Chapman, M.D., was named as a party to the suit but his exoneration from liability by the jury dispensed with the need for him to file an appeal from the judgment entered below. His appearance in the recitation of the facts is informational only.

indemnification and/or contribution from Joseph L. Chapman, M.D., as the party purportedly primarily liable for injuries or damages suffered by the appellee.

On November 1, 1982, Doctor Chapman filed an answer to the complaint. On November 10, 1982, the appellant's answers to the appellee's interrogatories, save for # 24, were filed. This prompted the appellee to file, on November 12, 1982, a motion seeking an order of court directing the appellant to answer interrogatory # 24. However, the requested order was rendered moot when, on December 1, 1982, a supplemental answer to the appellee's interrogatory # 24 was presented by the appellant.

On March 28, 1983, the appellee filed a motion for sanctions with the court seeking to depose, for a second time, the radiologist who allegedly failed to detect, upon his reading of the x-rays taken of the appellee upon admission to the hospital, the presence of the broken left leg and permitting the appellee to walk upon it.

During the initial deposition, it was averred that counsel for the appellant prohibited the radiologist from giving responses to various questions claimed by counsel to warrant the proffering of an expert opinion, a matter on which the deponent purportedly was not qualified to speak.

On April 11, 1983, answers to the appellee's two supplemental interrogatories were submitted by the appellant. Four days later, the appellant filed an answer to the appellee's motion for sanctions contending that the questions posed to the radiologist were beyond the area of his expertise and were, therefore, not discoverable. An order dated September 2, 1983, denied the appellee's motion on the basis that the questions sought to be asked were answered at the initial deposition.

The record discloses that no further action took place in the case until March 13, 1986, the date the appellee's supplemental interrogatories were answered by the appellant and Doctor Chapman. Thereafter, on March 2, 1987, a verdict in favor of Doctor Chapman and in favor of the

appellee and against the appellant in the amount of $25,-000.00 was entered by a jury of eight after a four-day trial.

One learns from the trial court's opinion, which is based on evidence given at a hearing on April 1, 1987, as to what transpired before and after the verdict in regard to a settlement or the assessment of "fault" under Pa.R.Civ.P. 238, that an offer of $10,000.00 was made and rejected. Following the rendition of the verdict, delay damages pursuant to Rule 238[2] were added to the verdict for a total

2. Pennsylvania Rule of Civil Procedure 238 provided:

(a) Except as provided in subdivision (e), in an action seeking monetary relief for bodily injury, death or property damage, or any combination thereof, the court or the arbitrators appointed under the Arbitration Act of June 16, 1836, P.L. 715, as amended, 5 P.S. § 30 et seq., or the Health Care Services Malpractice Act of October 15, 1975, P.L.390, 40 P.S. § 1301.101 et seq., shall

(1) add to the amount of compensatory damages in the award of the arbitrators, in the verdict of a jury, or in the court's decision of a nonjury trial, damages for delay at ten (10) percent per annum, not compounded, which shall become part of the award, verdict or decision;

(2) compute the damages for delay from the date the plaintiff filed the initial complaint in the action or from a date one year after the accrual of the cause of action, whichever is later, up to the date of the award, verdict or decision.

(b) In arbitration under the Act of 1836, the amount of damages for delay shall not be included in determining whether the amount in controversy is within the jurisdiction of the arbitrators.

(c) Except as provided in subdivision (e), damages for delay shall be added to the award, verdict or decision against all defendants found liable, no matter when joined in the action.

(d) The court may, and on request of a party shall, charge the jury that if it finds for the plaintiff, it shall not award the plaintiff any damages for delay because this is a matter for the court.

(e) If a defendant at any time prior to trial makes a written offer of settlement in a specified sum with prompt cash payment to the plaintiff, and continues that offer in effect until commencement of trial, but the offer is not accepted and the plaintiff does not recover by award, verdict or decision exclusive of damages for delay, more than 125 percent of the offer, the court or the arbitrators shall not award damages for delay for the period after the date the offer was made.

(f) If an action is pending on the effective date of this rule, or if an action is brought after the effective date on a cause of action which accrued prior to the effective date, damages for delay shall be computed from the date plaintiff files the initial complaint or from a date one year after the accrual of the cause of action, or from a

award of $36,562.00. With the reduction of the verdict to judgment, a timely appeal was filed and the case was granted en banc consideration to review the question [3] of whether the imposition of delay damages complied with the Supreme Court's recent decision of *Craig v. Magee Memorial Rehabilitation Center,* 512 Pa. 60, 515 A.2d 1350 (1986).

Before discussing the merits of the case, one needs to address the impact, if any, of the Pennsylvania Supreme Court's promulgation of a new rule of civil procedure regarding delay damages. It became effective on November 7, 1988, and rescinded (the now former) Rule 238 (see note 2, supra) and substituted a new Rule 238 in its stead. One gains some insight as to the scope of new Rule 238 from its "Explanatory Comment", which reads:

> ... [subdivision (f) of new Rule 238] is to indicate that the rule applies to pending as well as future actions *but not to pending actions in which the damages for delay have been determined under the provisions and procedures of the Craig case.* Once damages for delay have been determined under *Craig,* those proceedings are final and are not to be reopened under this rule. (Emphasis added)

From the preceding, one has direction from the Pennsylvania Supreme Court informing us that the provisions of new

> date six (6) months after the effective date of this rule, whichever date is later.
> (g) This rule shall not apply to
> (1) eminent domain proceedings;
> (2) pending actions in which damages for delay are allowable in the absence of this rule.

**3.** I note that in the appellant's "Summary Of The Argument" in its brief at page 7, at points C & D, it assails the constitutionality of Pa.R.Civ.P. 238 on grounds that it imposes additional liability on a defendant in any case where the plaintiff's demand exceeds the verdict and the procedure mandated by our Supreme Court in *Craig v. Magee Memorial Rehabilitation Center,* 512 Pa. 60, 515 A.2d 1350 (1986) creates an impermissible classification between plaintiff and defendant by imposing additional liability on a defendant which is unreasonable and arbitrary and not substantially related to any legitimate objective. Because these grounds for assailing the delay damages were neither presented to nor addressed by the court below, I would find them waived. *Humphries v. Pittsburgh & Lake Erie Railroad Co.,* 328 Pa.Super. 119, 476 A.2d 919 (1984), cert. denied, 474 U.S. 863, 106 S.Ct. 179, 88 L.Ed.2d 149 (1985).

Rule 238 are not to be applied *pro forma* to every "pending" case involving a request for delay damages. Rather, where delay damages have been "determined" (be it to grant or deny them) pursuant to the provisions and procedures outlined in *Craig,* the matter is to be considered closed and not subject to reassessment under new Rule 238.

Instantly, it cannot be disputed that the trial court conducted a hearing to take testimony and hear argument on the plaintiff's request for delay damages, a proceeding held in accordance with the dictates ("provisions and procedures") of *Craig.*

Albeit the present case was "pending" when new Rule 238 came into effect, this is only one facet of the equation in deciding whether the delay damages question should be "reopened" under this Rule. One must not lose sight of the admonition of the Supreme Court, speaking through the Civil Procedural Rules Committee via the *Comment* to the Rule, that delay damages "proceedings are final and are not to be reopened" under the guise of new Rule 238, as a matter of course, where the question has been "determined" at a "proceeding" adhering to *Craig.*

At bar, the "proceeding" was the hearing held below and participated in by both parties within the framework of *Craig.* The "determination" portion of the equation comes into play with the trial court's "decision" awarding delay damages. Given the completion of the hearing and the entry of the trial court's ruling, under the *Comment* to new Rule 238, those "proceedings are to be considered final and not subject to re-examination."

If the Pennsylvania Supreme Court intended *all* delay damages cases to comply with the procedure enunciated in new Rule 238, it could have done so quite easily by directing that *all* pending actions involving delay damages (be they at the trial or appellate level) be controlled by new Rule 238. It chose not to do so, and the *Comment* portion of new Rule 238 is direct proof of that intention. To state otherwise would be pure speculation.

I perceive our function on appeal to be one of reviewing the trial court's "determination" with *Craig* in mind, and not merely look to new Rule 238 without inquiring into the particular facts with *Craig's* "fault-determination" as a criterion. I propose to do so now.

In *Craig*, the Court suspended the "mandatory" provisions of (former) Rule 238 which had, in the past, assessed delay damages against defendants without regard to fault. The Court put into place a procedure whereby a claim for delay damages would have to be presented by "petition" within five (5) days of a verdict. Thereafter, within the same time frame, the respondent would be required to submit an "answer". If need be, the judge who presided over the trial could, prior to reaching a decision, hold a hearing to resolve any factual disputes. This occurred here.

In making its determination as to the plaintiff's entitlement to delay damages, the trial court was directed by the Supreme Court to look to a list of criteria, albeit not exhaustive, to aid in the fact-finding process; to-wit: (1) the length of time between the starting date [4] and the verdict; (2) the parties' respective responsibilities in requesting continuances; (3) the parties' compliance with rules of discovery; (4) the respective responsibilities for delay necessitated by the joinder of additional parties; and (5) other pertinent factors. 512 Pa. at 66, 515 A.2d at 1353.

Furthermore, and more importantly, *Craig* makes it quite clear that the imposition of delay damages without "fault" first having been established is inconsistent with Due Process principles, and punishment of a defendant merely because of his status as such smacks of a substantive enlargement of duties owed.

Instantly, the court below awarded the appellee/plaintiff delay damages despite its finding that the appellant/defendant was not at fault in causing the delay of some six (6) years from complaint to verdict—a delay attributable solely to congestion in the court system. Nonetheless, one cannot

4. See former Pa.R.Civ.P. 238(a)(2).

affirm such a ruling without running afoul of *Craig*. To elaborate, under *Craig*, only the "mandatory" provisions of Rule 238 were suspended so that a plaintiff could no longer "automatically" be awarded delay damages if his/her verdict exceeded by 125% the last offer of the defendant. No more needed to be shown pre-*Craig* to entitle one to prejudgment interest under (former) Rule 238's formula.

Justice Larsen's dissent in *Craig*, joined by Papadakos, J., discounted the use of a petition, answer and hearing as merely protracting the ultimate receipt of money by the plaintiff without any countervailing benefit to the parties or the dispute-resolution system as a whole. He urged that the presentment of a "reasonable settlement" by the defendant would insulate him/her from having to pay delay damages, and, thus, "fault" need not be factored into the assessment of damages. The Majority in *Craig* rejected this position in favor of determining "fault" as a prerequisite to the imposition of damages under a prescribed set of facts.

At bar, after the submission of a timely petition, answer thereto and a hearing, the trial court concluded that neither party was responsible for unduly protracting the case (since eight years is the norm between the complaint and verdict in Philadelphia County), nor was the demand of the plaintiff/appellee or the offer of the defendant/appellant unreasonable.[5] Nevertheless, the trial court wrote that:

**5.** At this point, I wish to note that the first written offer by the defendant, in the amount of $5,000.00, was made on April 21, 1986, almost four years after the complaint was filed. The second offer of $10,000.00 was made on October 10, 1986, and that was also rejected.

As for the plaintiff, he demanded $125,000.00 at first, and then lowered the amount to $50,000.00. This stayed in effect until the 20th of January, 1987. With the defendant's failure to increase its offer, the plaintiff's demand rose, again, to $125,000.00. I also make mention for the record that in response to the appellant's interrogatories regarding an itemization of his damages, the appellee did list the following:

    (a) Lost earnings: $3,410.40 plus the value of fringe benefits;

    (b) Future loss of earning capacity and other future loss related to his injury: undetermined;

    (c) Medical and hospital expenses: $3,918.75; and

    (d) Income for 1981: $6,409.00

It is the opinion of this court that the mere fact that a defendant is not at fault in causing the delay in a case does not automatically relieve the defendant from being assessed delay damages under Rule 238. Equally important to the analysis which must be made by the trial court is the responsibility of the plaintiff in causing delay. In a situation in which the plaintiff is partially or totally at fault, the assessment of delay damages may very well not be warranted. However, when both parties are blameless it would be unreasonable and unjust to deny delay damages. Fundamental fairness would require in the opinion of this Court, that the plaintiffs receive interest on what is essentially their money for the period that it is held by the defendants who, of course, have had the use of that money.

\*   \*   \*   \*   \*   \*

When a plaintiff has not made an unreasonable demand to settle a case and is not otherwise at fault for any delay, Rule 238 should be applicable. The assessment of delay damages in such situations is not for the purpose of punishing the defendant or to compel the defendant to settle unmeritorious cases. Rather, the rule is a legitimate attempt to make the plaintiff whole.

(Trial Court Opinion at 6 & 7)

If one were to embrace the position of the trial court (as the Majority does here) he/she would be, in essence, condoning the awarding of delay damages in the absence of "fault" having been first established on the part of the defendant/appellant. This, I find, is at odds with explicit language in *Craig* denouncing such a *pro forma* practice, even if its goal were to make the plaintiff/appellee whole, since "[t]here is no point in contending that a procedural

1980: $3,563.00
1979: $3,454.27.
(See Appellee's Answer to Appellant's Interrogatories # 22 & # 26) It is interesting to observe that the appellant's counsel stated, at the hearing of April 1, 1987, to assess the imposition of delay damages, that he considered the appellee's case to be no more than a "nuisance" suit.

rule may exist that punishes without fault, and is yet consistent with Due Process." 512 Pa. at 65, 515 A.2d at 1353. Thus, to the extent that new Rule 238 appears to be a reversion to pre-*Craig* days (of awarding delay damages without the presence of "fault"), I would read the Rule as supplementing *Craig* and not supplanting it to avoid any constitutional challenges thereto.

The assessment of fault having found to be totally lacking in the context of the case at bar, I would hold that the awarding of delay damages was improper under the dictates of *Craig*.[6] See *Shellhamer v. Grey*, 359 Pa.Super. 499, 519 A.2d 462 (1986) (allocatur denied 6/17/87), wherein a panel of this Court reversed a judgment (with delay damages) of $269,676.44 and remanded to allow the trial court to review the defendant's contention of inability to pay damages pursuant to Rule 238 under the then two month old *Craig* decision. We also labelled the "fault" element "a condition precedent to the imposition of Rule 238 delay damages." 359 Pa.Super. at 505, 519 A.2d at 465. Consistent therewith, we went on to write that:

> On remand, if the defendant is found not to be at "fault", under the factors made mention of in *Craig*, there would appear to be no reason to inquire further as to her ability to pay....

359 Pa.Super. at 506, 519 A.2d at 466. What is to be garnered from our mandate in *Shellhamer* is that there will be instances where delay damages will not be permitted to be imposed, the *sine qua non* being the initial compliance with the "fault" criteria enunciated in *Craig* and supplemented by this writer's reading of Rule 238 today.

I have scrutinized the record and law on the issue posed for our review and conclude, contrary to the Majority and the court below, that where the parties to a lawsuit are "fault free" in the prolongation of the case to completion, *Craig* prohibits the affixing of delay damages to a jury verdict in favor of a plaintiff as a matter of course where

---

**6.** As stated previously, this would dispense with a remand to comply with *new* Rule 238.

no "fault", as so defined in *Craig*, is evident. Thus for the reason herein stated, I would not affirm the entry of Rule 238 delay damages.

I would reverse the judgment of the court below as to delay damages and remand for the entry of judgment as to $25,000.00 only in favor of the plaintiff/appellee and against the defendant/appellant.

CIRILLO, President Judge, dissenting.

I respectfully dissent from the majority's determination that appellant Albert Einstein Medical Center [Einstein] has waived constitutional issues concerning Pennsylvania Rule of Civil Procedure 238 and its application by failing to raise those issues before the trial court. Although our rules of appellate procedure require that claims be first raised in the trial court, *see* Pa.R.A.P. 302, there is not and has never been any mechanism in the rules of either civil or appellate procedure which provides an avenue by which to raise, prior to appeal, claims of error concerning delay damages. I note that new rule 238 indicates that an order of the trial court concerning delay damages is not subject to a motion for post-trial relief. *See* Pa.R.C.P. 238(c), comment. The new rule does provide that delay damages are to be determined through petition and answer, procedures similar to those suggested by the supreme court in *Craig v. Magee Memorial Rehabilitation Center*, 512 Pa. 60, 515 A.2d 1350 (1987).[1] However, I would not require that an appellant's answer raise a claim of constitutional violation based on the *possibility* that the court would dispose of that petition erroneously, for I believe to do so would be akin to requiring the appellant to cry "ouch" before he or she is harmed. In any case, I note that Einstein's answer to the petition for delay damages denied liability under *Craig*, even though it admitted that the verdict was 125% greater than its settlement

1. Under the new rule, a plaintiff may file a motion requesting delay damages within ten days of the verdict or the notice of the decision, and a defendant may file an answer within ten days of the motion. Pa.R.C.P. 238(c)(1). In *Craig*, the supreme court set a five day limit on the petition, and the answer. *Craig*, 512 Pa. at 65, 515 A.2d at 1353.

offer.  Because *Craig* found constitutional defects in impos-
ing delay damages without a determination of fault, I think
that this statement was sufficient to satisfy Einstein's
obligation under Pa.R.A.P. 302 to bring the issue to the
attention of the trial court.  Moreover, because these specif-
ic claims of unconstitutionality have application to the new-
ly promulgated rule 238, as well as to its predecessor, they
have not been rendered moot by the adoption of the new
rule.

Einstein complains that although a defendant is penalized
for failing to make a settlement offer within 125% of the
eventual jury verdict, there is no penalty assessed against a
plaintiff who makes a settlement demand that is similarly
excessive in comparison to that verdict.  According to Ein-
stein, this creates impermissible classifications of defen-
dants and plaintiffs, and bears no rational relationship to
the stated goal of case settlement.  Although these argu-
ments are couched in equal protection terms, they are more
properly addressed as questions of fundamental fairness.'
Because I believe that the new rule, which was intended to
rectify this defect, remains fundamentally unfair in the
context of settlement negotiations, I would find that portion
of the rule unconstitutional.

In *Craig,* the supreme court addressed the question of
the constitutionality of former rule 238:

> There is no point in contending that a procedural rule
> may exist that punishes without fault, and is yet consist-
> ent with Due Process. . . .  We today suspend the rule
> because it runs too tight a gauntlet through Due Process,
> by denial of a forum to assess fault for the delay sought
> to be avoided.  In short, Rule 238 has become an uncon-
> testable presumption that all fault lies with the defen-
> dant.  There are too many reasons why such is not
> always the case; and what is not always so may not be
> irrebuttable when a penalty follows.

*Id.,* 512 Pa. at 65, 515 A.2d at 1353.  In order to rectify this
problem, the court required a hearing to ascertain fault.
*Id.*  New rule 238 has explained that courts are to ascertain

the period of delay caused by plaintiff, and so charge the defendant with all other trial delay, even that delay inherent in the court system and not attributable to the action or inaction of either party. *See* Pa.R.C.P. 238(b)(2).

The procedures in *Craig,* and the new rule itself, clearly contemplate an award of prejudgment interest.[2] New rule 238, to the extent that it awards prejudgment interest for delay in commencing and concluding trial of the case, may be said to be fair in light of the supposition that at the time of the verdict, the jury has determined that the defendant is in the wrong, and has been since the accrual of the cause of action.[3] The point of the litigation is to make the plaintiff whole, therefore, the defendant should recompense that plaintiff for the time he or she has been without the monies owed. Following this reasoning, it is clear that all court delay during trial would be assessed against the defendant because the delay could have been avoided by voluntarily making plaintiff whole rather than forcing him or her to seek relief in court.

The delay contemplated by the supreme court in *Craig,* however, and fairly remedied by an award of prejudgment interest, is not the type of delay that we are faced with in this case. In *Craig,* the court stated that, in addition to the period of time between the starting date and the verdict,

> [t]he fact finder shall consider: the parties' respective responsibilities in requesting continuances, the parties' compliance with rules of discovery; the respective respon-

2. I make no comment on the constitutionality of such a rule under the separation of powers clause of our state constitution, as that issue was not raised before us.

3. This is said for the sake of argument. I question whether a rule which assumes that all defendants who refuse to compensate plaintiffs without a jury verdict profit from the monies they have ostensibly kept for themselves can be said to be fundamentally fair. I note with concern the case of the self-insurer, who may not have the funds on hand to invest, and who most probably will be unable to obtain a return comparable to that suggested by the rule—the prime rate listed in the first edition of the Wall Street Journal for each calender year for which the damages are to be awarded, plus one percent, not compounded.

sibilities for delay necessitated by the joinder of additional parties; and other pertinent factors.

*Craig*, 512 Pa. at 66, 515 A.2d at 1353. In other words, *Craig* was concerned with the narrow question of the parties' fault in causing delays in the trial process itself. It did not address, and the new rule therefore made no attempt to remedy, the inequity inherent in the assessment of delay damages against defendants based on the parties' failure to reach settlement without first taking into consideration the plaintiff's actions during settlement. It is that issue which is before us here.

New rule 238 excludes damages for delay for the period of time:

(1) after which the defendant has made a written offer of

(i) settlement in a specified sum with prompt cash payment to the plaintiff,

\* \* \* \* \* \*

and continued that offer in effect for at least ninety days or until commencement of trial, whichever first occurs, which offer was not accepted and the plaintiff did not recover by award, verdict, or decision, exclusive of damages for delay, more than 125% percent of either the specified sum or the actual cost of the structured settlement plus any cash payment to the plaintiff; or

(2) during which the plaintiff caused delay of the trial.

Pa.R.C.P. 238(b)(1)(i) & (b)(2). Although one might assume that the current procedure would subtract from the total delay all delay caused by the plaintiff, including delay during settlement, the rule does not require this result. Rather, the rule specifically states that all *trial* delay attributable to plaintiff will be excluded. *See* Pa.R.A.P. 238(b)(2); *see also Craig*, 512 Pa. at 66, 515 A.2d at 1353. No mention is made of the plaintiff's role in the settlement process. Rather, the burden of settlement rests upon the shoulders of the defendant. *See* Pa.R.A.P. 238(b)(1)(i). I believe that this is fundamentally unfair.

A settlement is an agreement between two parties and therefore presumably requires an effort on the part of both.

Under the present rule, should a plaintiff choose to demand an unreasonable amount at settlement negotiations, an amount which the defendant cannot or justifiably will not pay, settlement is as surely thwarted as if the defendant had failed to make a reasonable offer.  In the latter case, the imposition of delay damages against the defendant for all trial delay less the amount of delay caused by the plaintiff is at least logical—had the defendant moved to make a reasonable offer plaintiff would have been made whole that much sooner, and without having to spend time at trial.  However, where the plaintiff has made only an unreasonable settlement demand, has failed to make any move toward settlement, or in some way acts to delay or prevent settlement, it is unfair to place the blame for going to trial, in the form of assessment of damages for all court-caused delay, solely on the defendant.  If the plaintiff makes a demand which, when considered in light of the jury verdict, appears unreasonable, the plaintiff is at least as responsible for going to trial as the defendant.  In such a situation, the plaintiff is not prevented from being made whole at settlement through any profit motive of the defendant;  the profit motive appears to be the plaintiff's.  A defendant should not then be penalized by being required to pay those monies which, after the jury verdict, are determined to have been the property of the plaintiff all along.  The plaintiff could have had the use of those monies through settlement, but frustrated the settlement process by his or her actions.  Further, an unreasonable settlement demand on the part of the plaintiff could be viewed by a defendant as a rejection of any more reasonable offer, and therefore could discourage that defendant from making any other offer which would shield him or her from rule 238 damages.

In the case before us, Einstein complains that, although the jury verdict exceeded its settlement offer, the plaintiff's settlement demand exceeded the jury's award and was unreasonable.  The jury awarded Schrock $25,000.00;  his original demand was $125,000.00, five times the amount eventually awarded.  It appears that both plaintiff and

defendant misvalued the case; only the defendant, however, is being penalized for the failure to settle. This construction of the rule puts the onus of the settlement negotiations squarely on one party. I do not think such an arrangement comports with fundamental fairness. I am in agreement with Justice Roberts' well-considered dissent in *Laudenberger v. Port Authority of Allegheny County*, 496 Pa. 52, 436 A.2d 147 (1981):

> The unfairness of Rule 238 is further compounded by its imposition of duties and sanctions only upon defendants, and not upon plaintiffs. If the object of the Rule is to discourage delay, the Rule should not only require defendants to make reasonable settlement offers, but also should require plaintiffs to make reasonable demands. Failure of either party to make a reasonable effort to settle should result in the imposition of similar sanctions.

*Id.*, 496 Pa. at 78, 436 A.2d at 160 (Roberts, J., dissenting).

Further, I am uncertain that such a process even facilitates settlement. I fail to see any relationship between punishing a defendant for failure to make an adequate settlement offer based on an arbitrary percentage, and encouraging settlement of cases. The supreme court has already conceded that not every defendant is motivated by profit. *See Craig*, 512 Pa. at 64–65, 515 A.2d at 1352. If this is true, then the rule is ineffectual. The "settlement instincts" of defendants will not be altered because they are unable to profit from money held until judgment unless their motive for retaining those funds is to profit. Where there are other reasons for refusing to settle, the elimination of the profit motive will not result in a greater willingness to settle, and the purpose of the rule will not be effectuated.

It seems to me that the court in *Craig* recognized that the failure to make a finding of the respective fault of the parties smacked of unconstitutionality, and held that rule 238 was unworkable for precisely this reason. It "[had] become an uncontestable presumption that all fault lies with a defendant. There are too many reasons why such is

not always the case; and what is not always so may not be irrebutable when a penalty follows." *Id.*, 512 Pa. at 65, 515 A.2d at 1353. There are many reasons for a failure to settle a case, and unless we can determine that the defendant's role in the settlement scenario was played out with a profit motivation, then we should not, and constitutionally cannot, punish that defendant. If we attempt to do so, we are mandating settlement in situations where settlement should perhaps not take place, we are punishing defendants for attempting to litigate their cases, and, in some instances, we are punishing them for being unable to make an acceptable settlement offer. I am of the opinion that to assess all trial delay against a defendant solely because of the amount of his or her settlement offer without any determination of the respective fault of the parties during settlement negotiations is ineffectual and fundamentally unfair. I therefore dissent.