## Corcoran v. Querci

*Thomas E. Mack* and *Michael R. Mey,* for plaintiffs.

*Timothy J. Holland,* for defendant John Querci.

PODCASY, *J.,* March 29, 1990 — Before the court is the motion for delay damages of the above-named plaintiffs.

The matter arises out of an automobile accident which occurred on October 26, 1986, and which resulted in the death of plaintiffs' decedent, Ada Querci.

The action was commenced by written complaint filed on May 1, 1987. On January 23, 1990, a jury found in favor of plaintiffs against defendant John Querci, solely, in the amount of $28,000.

Plaintiffs have timely filed a petition for delay damages.

After the action was initiated, the parties filed responsive pleadings and by June 22, 1987, less than 60 days after the complaint was filed, the pleadings were closed.

The history of discovery in pretrial proceedings is unremarkable. Depositions of the co-defendants, plaintiffs, Dr. John Querci, and certain trial witnesses were scheduled. Interrogatories and records depositions were exchanged.

On November 12, 1987, an offer of settlement was made by defendants in the amount of $22,500. Plaintiffs apparently rejected the proposal and after additional depositions were taken and discovery received, defendant, John Querci, filed a certificate of readiness on or about February 17, 1989. On June 13, 1989 and on June 29, 1989, pretrial conferences were held before the court. Defendants continued their offer of $22,500. Plaintiffs demanded the sum of $100,000.

As aforenoted, the matter proceeded to jury trial and on January 23, 1990, a verdict in the amount of $28,000 was entered against defendant John Querci, solely.

The present petition for delay damages was filed by plaintiffs, seeking an award of $5,915 in delay damages against the said defendant.

The concept of delay damages has been much maligned in this Commonwealth after the inception of Pa.R.C.P. 238.

In *Craig v. Magee Memorial Rehabilitation Center,* 512 Pa. 60, 515 A.2d 1350 (1986), our Supreme Court limited the mandatory provisions of rule 238 which assess delay damages against defendants without regard to fault, stating:

"In making a decision on a plaintiff's entitlement to delay damages, the mere length of time between the starting date and the verdict is not to be the sole criterion. The fact finder shall consider: the parties' respective responsibilities in requesting continuances; the parties' compliance with the rules of discovery; the respective responsibilities for delay necessitated by the joinder of additional parties; and other pertinent factors." *Craig, supra* at 66, 515 A.2d at 1353.

This court, following the directives of *Craig* in *Roth v. Yonchik,* 78 Luzerne Leg. Reg. 27 (1988), found the plaintiffs not entitled to delay damages because the fault in the delay precipitated in the trial process could not be imposed upon the defendant. In the decision, the court refused to impose delay damages notwithstanding the fact that the jury verdict exceeded 125 percent of the settlement offer propounded by the defendants.

However, as a response to the *Craig* decision, a new rule 238 was promulgated effective November

7, 1988. The relevant provisions of the rule are set forth as follows:

"(a)(1) At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury, in the decision of the court in a non-jury trial or in the award of arbitrators appointed under section 7361 of the Judicial Code, 42 Pa.C.S. §7361, and shall become part of the verdict, decision or award.

"(2) Damages for delay shall be awarded for the period of time

"(i) in an action commenced before August 1, 1989, from the date the plaintiff first filed a complaint or from a date one year after the accrual of the cause of action, whichever is later, up to the date of the award, verdict or decision; or

"(ii) in an action commenced on or after August 1, 1989, from a date one year after the date original process was first served in the action up to the date of the award, verdict or decision.

"(3) Damages for delay shall be calculated at the rate equal to the prime rate as listed in the first edition of the Wall Street Journal published for each calendar year for which the damages are awarded, plus one percent, not compounded.

"(b) The period of time for which damages for delay shall be calculated under subdivision (a)(2) shall exclude the period of time, if any,

"(1) After which the defendant has made a written offer of

"(i) settlement in a specified sum with prompt cash payment to the plaintiff; or

"(ii) a structured settlement underwritten by a financially responsible entity, and continued that offer in effect for at least 90 days or until commencement of trial, whichever first occurs, which offer was not accepted and the plaintiff did not recover by award, verdict or decision, exclusive of damages for delay, more than 125 percent of either the specified sum or the actual cost of the structured settlement plus any cash payment to the plaintiff; or

"(2) during which the plaintiff caused delay of the trial."

After the new rule was enacted on November 7, 1988, numerous per curiam decisions of our Superior Court have interpreted its provisions.

The most prevalent issues facing the court are those which occur under subsection (b)(1) and (2) of the rule. The courts have uniformly held that a fair reading of the new rule in subsection (b) leads to the conclusion that where a defendant fails to make a written settlement offer comporting with the rule, and where a plaintiff is found to be free from fault in causing any delay to the normal course of the litigation, a defendant is responsible for the payment of damages for delay where the verdict recovered exclusive of delay damages is in excess of 125 percent of the written settlement offer. *Dietrich v. J.I. Case Company,* 390 Pa. Super. 475, 568 A.2d 1272 (1990); *Schrock v. Albert Einstein Medical Center,* 386 Pa. Super. 215, 562 A.2d 875 (1989); *Modrick v. B.F. Goodrich Co.,* 383 Pa. Super. 498, 557 A.2d 363 (1989); *King v. Southeastern Pa. Transportation Authority,* 383 Pa. Super. 420, 557 A.2d 11 (1989).

The inquiry then is twofold: first, whether defendant has provided a bona fide written settlement offer which is not exceeded by 125 percent of the verdict entered in the litigation; and second,

whether plaintiffs have, by their conduct, delayed the trial proceedings.

Defendant, Querci, in the present matter argues that his settlement offer was within the 125 percent realm of the jury verdict in the amount of $28,000. Defendant contends that the settlement offer aggregated $22,500.

The record fails to disclose whether the settlement offer of $22,500 was tendered by all defendants or by defendant, Querci, individually. The pretrial conference memorandum, completed by former Judge Arthur Dalessandro, indicates that the settlement offer in the amount of $22,500 was from both defendants together. In addition, defendant Querci has not provided this court with evidence that the settlement offer was provided to plaintiffs in writing as is prescribed by rule 238.

The only guidance that we have gleaned from relevant case law occurs in *Schrock v. Albert Einstein Medical Center, supra,* in which the Superior Court noted that the Medical Center, having been found to be the responsible defendant, tendered a settlement offer in the amount of $10,000. The same was inadequate to relieve them of responsibility for delay damages because the jury verdict entered against them was $25,000. The court examined the offer made by that defendant *only* in judging the adequacy of the offer.

Thus, we presently find defendant's settlement offer to be inadequate under subsection (b)(1) of rule 238.

On the second issue, our review of the record before us does not indicate that the plaintiffs' conduct has caused the delay of the trial. The court, noting the explanatory comment to rule 238, has stated:

" '[W]ith respect to [plaintiff's] delay of the trial, not every *procedural delay* is relevant to the issue of delay damages, *but only such occurrences as actually cause delay of the trial.*'" *Schrock v. Albert Einstein Medical Center, supra* at 219, 562 A.2d at 876. (emphasis in original)

The *Schrock* court noted that failure of the plaintiff to make a conservative settlement demand should not be held to have prolonged the trial or to impose the burden of the delay on the plaintiffs. *Modrick v. B.F. Goodrich Co., supra.*

In conclusion, we find defendant Querci has not made an adequate settlement offer under and pursuant to rule 238(b)(1). We also find that plaintiffs have not caused delay of the trial. Thus, there is sufficient basis to award plaintiffs delay damages in the amount of $5,915 as prescribed by Pa.R.C.P. 238(a)(2)(i) and (a)(3).

Accordingly, we enter the following

## ORDER

It is hereby ordered, adjudged and decreed as follows:

(1) Plaintiffs' petition for delay damages is granted;

(2) Plaintiffs are awarded the sum of $5,915 in delay damages pursuant to the provisions of Pa.R.C.P. 238(a)(2)(i) and (a)(3), which sum shall be added to the jury verdict entered against defendant John Querci; and

(3) The prothonotary is directed to mail notice of entry of this order to all counsel of record pursuant to Pa.R.C.P. 236.