326

441 A.2d 1255

Gary HAVELKA

v.

Joseph M. SHERASKEY, Appellant,

v.

Harry PAPPAS, Jr.

Superior Court of Pennsylvania.

Argued Sept. 2, 1981.

Filed Feb. 19, 1982.

Stephen P. McCloskey, Washington, for appellant.

William S. Schweers, Pittsburgh, for appellee.

Before WICKERSHAM, WIEAND and BECK, JJ.

WICKERSHAM, Judge:

On the evening of May 27, 1978, the automobile in which Gary Havelka and several of his friends were traveling ran out of gas and coasted to a stop in the left hand passing lane of a four lane highway. Havelka was a passenger in the automobile and Harry Pappas, Jr. was the driver. Havelka and the other passengers exited the automobile and began to push it from the rear. After pushing for only twenty to thirty seconds, a Datsun truck operated by Joseph M. Sheraskey slammed into the rear of the disabled automobile. Gary Havelka was seriously injured in the collision. His injuries included compound fractures of both legs requiring a below knee amputation of the left leg and there was an incomplete union of the bones of the right leg.

Gary Havelka commenced an action in trespass against Joseph M. Sheraskey, and Sheraskey joined Harry Pappas, Jr. as an additional defendant. Following trial, the jury returned a verdict in favor of Gary Havelka in the amount of $250,000.00. The jury found that both Sheraskey and Pappas were negligent. The percentage of causal negligence attributed to Sheraskey was ninety-three percent (93%) and to Pappas, seven percent (7%).

Following the jury verdict, Pappas filed a motion for new trial, motion for judgment n.o.v., petition to mold the verdict and a supplemental petition to mold the verdict. Sheraskey filed no post-trial motions whatsoever. In his supplemental

petition to mold the verdict, Pappas argued that the application of Pa.R.C.P. No. 238 to him would constitute an unconstitutional denial of equal protection and due process. Rule 238 provides that where the jury verdict is greater than one hundred twenty-five percent (125%) of a written offer of settlement made by the defendant prior to trial, the trial court shall increase the amount of the verdict by ten percent (10%) as an award of damages for delay.[1] Pappas argued

1. Pa.R.C.P. No. 238 is set forth in entirety as follows:

Award of Damages for Delay in an Action
for Bodily Injury, Death or
Property Damage

(a) Except as provided in subdivision (e), in an action seeking monetary relief for bodily injury, death or property damage, or any combination thereof, the court or the arbitrators appointed under the Arbitration Act of June 16, 1836, P.L. 715, as amended, 5 P.S. § 30 et seq., or the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, 40 P.S. § 1301.101 et seq., shall

(1) add to the amount of compensatory damages in the award of the arbitrators, in the verdict of a jury, or in the court's decision in a nonjury trial, damages for delay at ten (10) percent per annum, not compounded, which shall become part of the award, verdict or decision;

(2) compute the damages for delay from the date the plaintiff filed the initial complaint in the action or from a date one year after the accrual of the cause of action, whichever is later, up to the date of the award, verdict or decision.

(b) In arbitration under the Act of 1836, the amount of damages for delay shall not be included in determining whether the amount in controversy is within the jurisdiction of the arbitrators.

(c) Except as provided in subdivision (e), damages for delay shall be added to the award, verdict or decision against all defendants found liable, no matter when joined in the action.

(d) The court may, and on request of a party shall, charge the jury that if it finds for the plaintiff, it shall not award the plaintiff any damages for delay because this is a matter for the court.

(e) If a defendant at any time prior to trial makes a written offer of settlement in a specified sum with prompt cash payment to the plaintiff, and continues that offer in effect until commencement of trial, but the offer is not accepted and the plaintiff does not recover by award, verdict or decision, exclusive of damages for delay, more than 125 percent of the offer, the court or the arbitrators shall not award damages for delay for the period after the date the offer was made.

(f) If an action is pending on the effective date of this rule, or if an action is brought after the effective date on a cause of action which accrued prior to the effective date, damages for delay shall be computed from the date plaintiff files the initial complaint or from a date one year after the accrual of the cause of action, or from a date

that Rule 238 should not apply to him because he made a pre-trial written offer to settle for $35,000.00 which was greater than the jury verdict against him which was seven percent (7%) of $250,000.00 or $17,500.00. In its opinion, the lower court agreed that Rule 238 did not apply to Pappas and, consequently, did not reach the issue of the constitutionality of the rule. By its order dated February 9, 1981, the lower court found that Rule 238 did apply to Sheraskey, however, and the order directed the prothonotary to enter a judgment on the increased verdict accordingly. Sheraskey took this appeal from that order.[2]

The only issue that Sheraskey raises in this appeal is whether Rule 238 is unconstitutional.[3] Sheraskey neither raised this issue in the lower court nor notified the Court Administrator of Pennsylvania of his constitutional challenge to the rule as prescribed by Pa.R.A.P. 522. Consequently, we find that the issue has been waived. *Cf. Matter of Adoption of Christopher P.*, 480 Pa. 79, 389 A.2d 94 (1978) (Issue of constitutionality of a statute is waived by the

six (6) months after the effective date of this rule, whichever date is later.
  (g) This rule shall not apply to
    (1) eminent domain proceedings:
    (2) pending actions in which damages for delay are allowable in the absence of this rule.

2. This order was not appealable as it did not constitute final judgment. Pa.R.A.P. 301(c). We note from the record, however, that judgment was entered, and we will consider this appeal as taken from final judgment.

3. Appellant sets forth the statement of questions involved in his appellate brief as follows:
  Whether Rule 238 of the Pennsylvania Rules of Civil Procedure is unconstitutional for the following reasons:
    A. It is violative of the separation of powers doctrine set forth in the Pennsylvania Constitution.
    B. It is violative of due process of law under the U. S. Constitution and the Pennsylvania Constitution.
    C. It is violative of equal protection under the U. S. Constitution and the Pennsylvania Constitution.
  Brief for Appellant at 3.

failure to raise it in the lower court or notify the Attorney General as prescribed by Pa.R.A.P. 521).[4]

Judgment affirmed.

WIEAND, J., files a concurring opinion.

WIEAND, Judge, concurring:

I concur in the result. The only issues properly raised by appellant in the instant appeal pertain to the facial constitutionality of Pa.R.C.P. No. 238.[1] These issues were decided adversely to appellant in *Laudenberger v. Port Authority of Allegheny County*, 496 Pa. 52, 436 A.2d 147 (1981) (Dissenting Opinion by Roberts, J.), where a majority of the court upheld the constitutional validity of the rule. Despite a lingering belief that the dissenting opinion represents the

4. In *Laudenberger v. Port Authority of Allegheny County*, 496 Pa. 52, 436 A.2d 147 (1981) (Opinion by Chief Justice O'Brien), our supreme court said:

> Today we are called upon to determine the constitutionality of Pa.R.C.P. 238, promulgated by this Court pursuant to our constitutional rule-making authority. Rule 238 pertains to prejudgment interest granted in certain instances to plaintiffs who receive jury verdicts in excess of any settlement offer made by a defendant prior to trial. The trial court in the instant case held this rule to be unconstitutional and refused to remold the verdict in accordance with Rule 238.
> This rule is attacked from several directions. The authority of the Supreme Court to formulate such a device as this is initially questioned. The rule is also subjected to allegations that it violates the standards of due process and equal protection as guaranteed by both the Pennsylvania and the United States Constitutions. We find that Rule 238 withstands all objections, and reverse the order of the trial court.

1. Pa.R.A.P. 2116(a) provides that "ordinarily no point will be considered [on appeal] which is not set forth in the statement of questions involved or suggested thereby." Appellant's brief contains a statement of the question involved as follows: "I. Whether Rule 238 of the Pennsylvania Rules of Civil Procedure is unconstitutional for the following reasons: A. It is violative of the separation of powers doctrine set forth in the Pennsylvania Constitution. B. It is violative of due process of law under the U. S. Constitution and the Pennsylvania Constitution. C. It is violative of equal protection under the U. S. Constitution and the Pennsylvania Constitution."

sounder view, that decision is dispositive of the issues which have been raised in this case.

However, neither the decision of the Supreme Court in *Laudenberger* nor the opinion of the present majority compels the conclusion that Rule 238 was properly applied to the facts of the instant case.[2] Similarly, it has not been determined in this case whose responsibility it is to pay the delay damages awarded by the trial court. Thus, it has not been decided whether appellee should proceed against an impecunious defendant, against whom a judgment therefor has now been entered, or against his insurance carrier who offered to pay policy limits and forwarded a check therefor at least eight months prior to trial. This issue is not now before the Court. Its resolution, therefore, must await another day.

**2.** A verdict for $250,000 was returned in favor of the plaintiff, Gary Havelka, and against the defendant, Joseph M. Sheraskey, and the additional defendant, Harry Pappas, Jr. The jury found that Sheraskey's negligence was 93% and that Pappas' negligence was 7%. The insurance carrier for Pappas had made a pre-trial settlement offer of $35,000. Because this was greater than 7% of the total verdict, the trial court assessed no damages for delay against Pappas. On the other hand, Allstate Insurance Company, the liability carrier for Sheraskey, had offered its policy limit of $50,000 at least eight months prior to trial and had forwarded a check in that amount. The offer was rejected. It was renewed at trial and again rejected. Nevertheless, the trial court entered a separate judgment against Sheraskey for delay damages in the amount of $25,000 because the portion of the verdict attributable to Sheraskey's negligence (93% of $250,000) exceeded the policy limit offered ($50,000) by more than 125%.