557 A.2d 785

**Janice SNELSIRE and Gary Snelsire**

v.

**Elizabeth S. MOXON, Executrix of the Estate of Thomas W. Moxon, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 18, 1988.

Filed April 26, 1989.

Carl W. Brueck, Jr., Pittsburgh, for appellant.

J. Bradley Kearns, Pittsburgh, for appellees.

Before CIRILLO, President Judge, and CAVANAUGH, BROSKY, ROWLEY, McEWEN, OLSZEWSKI, MONTEMURO, POPOVICH and JOHNSON, JJ.

BROSKY, Judge:

This appeal is from the judgment entered on an award of delay damages after a jury verdict in favor of appellees.

The sole issue presented to the court *en banc* is whether an award of delay damages is proper under *Craig v. Magee Memorial Rehabilitation Center*, 512 Pa. 60, 515 A.2d 1350 (1986), where the trial court determined that the parties acted without fault and caused no undue delays in the litigation. Finding the delay damage award to be proper in this case, we affirm the judgment entered on the award.

The undisputed facts giving rise to this litigation relate that a complaint was filed by appellees against appellant on May 24, 1984.[1] The complaint alleged injuries to appellee, Janice Snelsire, as a result of her exit through a window, which was necessitated by a fire on the premises owned by appellant where Janice Snelsire resided with her husband, appellee, Gary Snelsire, and her three children. Gary Snelsire claimed medical expenses as well as the loss of the services and society of Janice Snelsire as a result of her injuries.

---

1. Suit was originally entered against Thomas W. Moxon. On November 3, 1986, a document was filed suggesting the death of Mr. Moxon on April 22, 1986, and requesting that the caption of the case be so amended to reflect this occurrence.

The original trial date was set for April 2, 1986. A continuance was granted on March 25, 1986, due to the illness of counsel for appellees. The matter was relisted for trial on the November 1986 trial list, a jury was chosen on November 17, 1986, and a verdict in the amount of one hundred forty-seven thousand dollars ($147,000.00) was rendered after trial on December 3, 1986.

On December 10, 1986, appellees filed a Petition to mold the verdict to add delay damages from February 6, 1985, which date was one year after the date of the accrual of the cause of action to March 25, 1986, the date on which the continuance was granted to the November 1986 trial list, in the amount of sixteen thousand nine hundred five dollars ($16,905.00), for a total verdict of one hundred sixty-three thousand nine hundred five dollars ($163,905.00). On December 16, 1986, a hearing was held on the Petition. Subsequently, by Order entered January 8, 1987, the trial court molded the verdict to add the requested delay damages. Judgment was entered on the delay damages portion of the verdict, only, the original verdict amount of one hundred forty-seven thousand dollars ($147,000.00) having been satisfied prior to the entry of said judgment. This appeal followed.

At the hearing on delay damages, the court expressed concern that "although it is not mandatory, the plaintiff is entitled to delay damages unless you have some of these other factors. And we don't have in this case any of those other factors." N.T. 8. "[T]hose other factors" referred to by the trial court (N.T. 8, *supra*) are what *Craig* required trial courts to consider in reaching their determinations concerning the awarding of delay damages. These include "the parties' respective responsibilities in requesting continuances, the parties' compliance with rules of discovery; the respective responsibilities for delay necessitated by the joinder of additional parties; and other pertinent factors." *Craig* at 65–66, 515 A.2d at 1353.

The trial court's entire reasoning for its decision to award delay damages to appellees is set forth in its one-sentence

Opinion as follows: "It was agreed by all parties in the above case that all parties acted properly in this case and there were no undue delays and therefore, delay damages were awarded under Rule 238." Thus, under the trial court's interpretation of *Craig*, the allocation of delay damages is proper despite the absence of delay or fault on the part of either party to the litigation.

On appeal, appellant argues that since the trial court, after hearing, found no delay in the ordinary course of the case attributable to either party, she should not be compelled to respond in delay damages.

On November 7, 1988, which was subsequent to oral argument of the instant appeal before this court *en banc*, the Supreme Court of this Commonwealth promulgated New Rule 238. The explanatory comment accompanying the new rule states that the new promulgation "revises Rule 238 in light of the *Craig* decision." Subsection (f) of the new rule reads: "This rule shall apply to actions pending on or after the effective date of the rule in which damages for delay have not been determined." In *Staats v. Noll*, 381 Pa.Super. 162, 553 A.2d 85 (1989) and *Miller v. Wise Business Forms, Inc.*, 381 Pa.Super. 236, 553 A.2d 443 (1989), this court *en banc* determined that newly enacted Rule 238 is applicable to cases pending on appeal on the date when the new rule was promulgated and became effective where the issue of delay damages has been properly preserved and presented.

■ Newly enacted Rule 238 rejects the analysis proffered by appellant that she is not responsible for delay damages under the facts of this case. A fair reading of this new Rule in subsection (b)(1) thereof leads to the conclusion that where a defendant fails to make a written settlement offer comporting with the Rule and where a plaintiff is found to be free from fault in causing any delay to the normal course of the litigation, a defendant is nonetheless responsible for the payment of damages for delay where the verdict recovered, exclusive of delay damages, is in

excess of one hundred twenty-five percent of the written settlement offer.

Pertinent to the facts at bar, the record made at the hearing on appellees' Petition for delay damages reveals that appellant never made a written offer of settlement. Instead, appellant appears to have made an *oral* offer of fifty thousand dollars ($50,000.00). Under the Rule, however, this is not an acceptable mitigating factor. Consequently, the trial court committed no error in the awarding of delay damages to appellee. Damages awardable under Rule 238 have been held to be in the nature of *prejudgment interest. See Dale v. Baltimore and Ohio Railroad Co.*, 520 Pa. 96, 552 A.2d 1037 (1989) (damages awarded under Rule 238 referred to as "prejudgment interest" damages).

In *Staats* and *Miller*, the defendants/appellees failed to make adequate settlement offers. The trial courts in those cases determined that plaintiff/appellant had not caused any delay in the trials of the respective cases. Nevertheless, the trial courts refused to award Staats and Miller damages for delay. On appeal, plaintiff/appellants challenged the propriety of the denial of delay damages.

In *Staats* and *Miller*, therefore, no basis existed to deny the plaintiffs/appellants delay damages where a defendant has failed to make a settlement offer in compliance with Rule 238(b)(1), and a plaintiff has been found not to have caused delay of the trial pursuant to Rule 238(b)(2). *See Miller, supra.* Accordingly, this court *en banc* remanded *Staats* and *Miller* to the trial courts for the calculation and award of delay damages.

Instantly, however, appellee (plaintiff) has been awarded delay damages, after having been found fault free in causing delay in this case. Appellant (defendant) takes this appeal contending that because she has not been found to have caused any delay in the case, she is not responsible for the payment of delay damages. However, based upon the above analysis, appellant is not entitled to relief under new Rule 238. The premise for this conclusion is appellant's failure to comply with the new Rule's strictures on the

making of settlement offers and appellee's freedom from fault for causing delay of the trial of the case. Therefore, the trial court was correct in awarding delay damages to appellee.

■ Because of this, it is not necessary, as it was in *Staats* and *Miller* to remand. The result of any remand under the circumstances of this case would only be for recalculation of *appellee's* delay damages pursuant to the provisions of the new Rule. Appellee has taken no appeal from the judgment entered on the award of delay damages challenging the amount thereof.

Consequently, our holding is as follows: Where, as here, a plaintiff who has properly been awarded delay damages and who has not taken an appeal challenging the amount thereof and where, as here, a defendant has appealed the award of delay damages to this court but is entitled to no relief under the new Rule, a remand to the trial court for what amounts to a recalculation of a plaintiff's entitlement to delay damage prejudgment interest is unwarranted. Insofar as this en banc court's decision in *Ceresini v. Valley View Trailer Park*, 380 Pa.Super. 416, 552 A.2d 258 (1988), is inconsistent with the approach which we have taken here, it is disapproved and overruled. We therefore affirm the judgment entered on the award of delay damages in this case.

Judgment affirmed.

McEWEN, J., did not participate in the consideration of or decision upon this appeal.

CIRILLO, President Judge, files a concurring opinion.

CAVANAUGH, J., files a dissenting opinion in which OLSZEWSKI, J., joins.

POPOVICH, J., files a dissenting opinion.

CIRILLO, President Judge, concurring:

I concur in the result reached by the majority for the same reasons expressed in my concurring opinion in *King v.*

*SEPTA*, 383 Pa.Super. 420, 557 A.2d 11 (1989) (en banc) (Cirillo, P.J., concurring).

CAVANAUGH, Judge, dissenting:

I dissent on the basis of my dissenting opinion in *King v. Southeastern Pennsylvania Transportation Authority*, 383 Pa.Super. 420, 557 A.2d 11 (1989).

OLSZEWSKI, J., joins in dissenting opinion.

POPOVICH, Judge, dissenting:

I cannot join the Majority's conclusion that the award of delay damages is to be affirmed against the appellant (Moxon), despite the trial court's determination, following a hearing on the matter, that neither the appellee nor the appellant was found to be "at fault" in bringing the case to completion.

The trial court conducted a hearing on the delay damages question in compliance with the dictates of *Craig v. Magee Memorial Rehabilitation Center*, 512 Pa. 60, 515 A.2d 1350 (1986), an opinion in which the Supreme Court noted that the imposition of delay damages without a finding of fault undermined the constitutionality of former Pa.R.Civ.P. 238 delay damages. As a result, the *Craig* Court outlined certain factors that were to be taken into consideration in assessing the imposition of delay damages, not the least of which was the presence of "fault" by the party against whom damages were entered.

To this writer, justification for the issuance of delay damages at a time when *Craig* was extant, and given the factual setting of the absence of "fault" by either party, should not be affirmed. See *Baker v. S. & L. Service Co.*, 381 Pa.Super. 637, 554 A.2d 565 (1989) (Dissenting Opinion by Popovich, J.), petition for allocatur filed March 23, 1989.

The drafting of new Rule 238 by the Civil Procedural Rules Committee, adopted by the Pennsylvania Supreme Court and ordered to become effective November 7, 1988, seems to be nothing more than a return to the former Rule

92

238 where delay damages were allowed by merely showing that the award was 125% more than the offer by the defendant. This sort of numerical calculation of delay damages was condemned specifically by the Supreme Court, yet we see it surfacing again in new Rule 238 if one ignores the statements made by the *Craig* Court.

In other words, I read the law as composed of both *Craig* and new Rule 238 in assessing the delay damages question, since I interpret *Craig* to co-exist with new Rule 238 and not be supplanted by it. As such, I would hold that the trial court contravened the holding in *Craig* in molding the verdict in favor of the plaintiff to include delay damages where the defendant was held to be not at fault in bringing the case to fruition.

Consequently, I respectfully dissent to the Majority's affirmance of the award of delay damages.