568 A.2d 618

**Angelo JISTARRI and Anthony Jistarri**

**v.**

**Charles FENTRESS, Delaware River Port Authority and Angelo Jistarri.**

**Appeal of Charles FENTRESS and the Delaware River Port Authority.**

**Angelo JISTARRI and Anthony Jistarri, Appellants,**

**v.**

**Charles FENTRESS, Delaware River Port Authority and Angelo Jistarri.**

Superior Court of Pennsylvania.

Argued Sept. 19, 1989.

Filed Nov. 28, 1989.

Reargument Denied Jan. 26, 1990.

210

Bruce W. McCullough, Philadelphia, for appellant (at 647) and appellee (at 825).

William M. Carlitz, Philadelphia, for appellant (at 835) and appellee (at 647).

Before TAMILIA, KELLY and CERCONE, JJ.

CERCONE, Judge:

This is a consolidated appeal and cross-appeal from a final order docketed February 22, 1989 in the Court of Common

Pleas of Philadelphia County, Civil Division. The instant case arises out of a traffic accident that occurred on November 28, 1976. Plaintiffs/cross-appellants Angelo and Anthony Jistarri were involved in a collision with a motor vehicle operated by Charles Fentress, a Delaware River Port Authority employee. At the time of the accident, Mr. Fentress was acting within the course and scope of his employment. In May of 1982, a unanimous jury verdict awarded $350,000.00 to Anthony Jistarri and $15,000.00 to Angelo Jistarri for their personal injury claims. These amounts were molded to reflect no-fault benefits and delay damages which resulted in total awards of $417,872.92 to Anthony Jistarri and $11,108.35 to Angelo Jistarri. Defendants/appellants Fentress and the Delaware River Port Authority filed motions for judgment notwithstanding the verdict and requesting the grant of a new trial. The lower court sitting *en banc* dismissed these motions and entered judgment for the Jistarris. Defendants/appellants subsequently appealed to this court which reversed and remanded the case for a new trial. The Jistarris then appealed to our supreme court, which denied their petition for *allocatur* on August 28, 1987.[1]

A new trial was held before the Honorable Charles A. Lord sitting with a jury. On March 21, 1988, the jury rendered a unanimous verdict in favor of Anthony and Angelo Jistarri who were awarded damages molded to $225,000.00 and $15,000.00 respectively. No appeal was taken from this verdict and damages were paid to the Jistarris as awarded. Promptly thereafter, the Jistarris requested delay damages pursuant to Pa.R.C.P. No. 238, 42 Pa.C.S.A. On December 15, 1988, the trial judge signed an order granting the Jistarris an undifferentiated total award of $278,068.79 in delay damages. Defendants/appellants then filed a petition to nullify the order because it had not been accepted by the lower court prothonotary. On Febru-

---

1. *Jistarri v. Fentress,* 355 Pa.Super. 639, 509 A.2d 1324 (1986), *allocatur denied* 516 Pa. 614, 531 A.2d 780 (1987).

ary 1, 1989 the trial judge signed a new order which vacated the unentered order of December 15th, and required the prothonotary to docket delay damages in favor of Anthony and Angelo Jistarri in the amounts of $260,689.47 and $17,379.32 respectively. The February 1st order was not docketed until February 22, 1989.

In response, defendants/appellants timely filed the instant appeal contesting the time periods for which delay damages had been granted and challenging the constitutionality of Rule 238, *supra*. The Jistarris timely filed a cross-appeal alleging that the lower court erred in reducing the amount of delay damages by excluding certain periods of time for purposes of calculating interest. For the reasons set forth below, we affirm.

Defendants/appellants assert the following claims: (1) that the lower court correctly excluded from its award of delay damages the period during which plaintiffs/cross-appellants pursued a petition for allowance of appeal to our supreme court after a panel of this court had granted a new trial; (2) that the lower court correctly granted delay damages for the remainder of the time between the filing of the complaint and the second verdict; and (3) whether Rule 238, *supra*, violates the due process rights of defendants *qua* defendants. Plaintiffs/cross-appellants raise four additional questions: (4) whether Rule 238, *supra*, as revised November 7, 1988, is applicable to the instant action; (5) whether defendants/appellants are liable for delay damages; (6) whether the entire post-trial and appellate period should be considered in calculating delay damages; and (7) whether the method of calculating delay damages suggested by plaintiffs/cross-appellants is correct.

■ Our initial inquiry must be whether revised Rule 238 applies to the instant case. Effective November 7, 1988, while the issue of delay damages was pending before the lower court, the Pennsylvania Supreme Court rescinded the original rule and promulgated a new Rule 238. The new rule applies to "actions pending on or after the effective date of this rule in which damages for delay have not been determined." Rule 238(f), *supra*. Because the issue of

delay damages was pending before the trial court on the date revised Rule 238 was promulgated, it is clear that any such award in the instant case was properly determinable only under the revised rule. *Mathis v. United Engineers & Constructors, Inc.*, 381 Pa.Super. 466, 483, 554 A.2d 96, 104 (1989). *See also Ceresini v. Valley View Trailer Park*, 380 Pa.Super. 416, 552 A.2d 258 (1988) (*en banc*) overruled on other grounds by *King v. SEPTA*, 383 Pa.Super. 420, 557 A.2d 11 (1989) & *Snelsire v. Moxon*, 384 Pa.Super. 85, 557 A.2d 785 (1989) (*en banc*); and *Staats v. Noll*, 381 Pa.Super. 162, 553 A.2d 85 (1989) (*en banc*) (applying revised Rule 238 to cases on appeal because delay damage award was "pending issue" on date new rule was promulgated).

▪ Our next inquiry is whether the lower court correctly determined that defendants/appellants must pay delay damages. Such an award is proper where a defendant has not made an adequate offer to settle pursuant to Rule 238(b)(1) and the plaintiff has not caused delay of trial under Rule 238(b)(2). *Miller v. Wise Business Forms, Inc.*, 381 Pa.Super. 236, 241, 553 A.2d 443, 446 (1989). The record in the instant case contains no indication that defendants/appellants made any written offer to settle whatsoever. Nor has our review of the record disclosed any indication that plaintiffs/cross-appellants caused a delay of trial sufficient to totally nullify their right to delay damages within the meaning of Rule 238(b)(2). We therefore hold that the trial court properly evaluated the instant case in light of revised Rule 238 and correctly ruled that defendants/appellants are liable for delay damages thereunder.

Both defendants/appellants and plaintiffs/cross-appellants challenge the manner in which the trial court determined the time periods during which defendants/appellants would have to pay delay damages. Defendants/appellants contest the inclusion of the time during which this matter was before our supreme court on a petition for *allocatur*. Ultimately, defendants/appellants seek to exclude the entire interval between the filing of the original complaint and the date the second verdict was rendered. Plaintiffs/cross-appellants, however, believe that the whole time

from the filing of the complaint, including the post-trial and appellate period, should be considered in calculating delay damages.

The two bases upon which a defendant may oppose a plaintiff's motion for delay damages are set forth in subsection (b) of the revised rule. The period of time for which delay damages shall be calculated shall exclude (1) any periods of time after which the defendant has made a written offer of settlement, the offer is continued in effect for at least ninety days or until the commencement of trial, whichever first occurs, the offer is rejected by the plaintiff, and the plaintiff does not recover more than 125 percent of the offer; and (2) any periods of time during which the plaintiff caused delay of the trial. Rule 238(b)(1) and (2); *Miller v. Wise, supra,* 381 Pa.Superior Ct. at 241, 553 A.2d at 446. The drafters of the revised rule have indicated that no other exclusions are warranted. *Id.*[2] In the instant case it is quite clear that defendants/appellants made no adequate written settlement offer as contemplated by Rule 238. Thus the only question before us is during what period of time, if any, can plaintiffs/cross-appellants be considered to have caused a delay of trial.

The basic aim of Rule 238 is to alleviate delay in the disposition of cases and thereby lessen congestion in the courts. *Sherrill v. Port Authority of Allegheny County,* 383 Pa.Super. 104, 115–16, 556 A.2d 450, 456 (1989). While mindful that our decision in this case must foster the clear cut goal of Rule 238 to promote early settlement, *id.,* we must also remember that a verdict winner is entitled to rely on the validity of the judgment rendered and that any delay during the appellate process is not chargeable to that party in subsequent calculations for delay damages. *Id.,* 383 Pa.Superior Ct. at 121–22, 556 A.2d at 459. The plain language of Rule 238 clearly states that a plaintiff's con-

---

**2.** We note, however, that in *Schrock v. Albert Einstein Medical Center,* 386 Pa.Super. 215, 219–20, 562 A.2d 875, 877 (1989) an equally divided *en banc* panel of this court opined that revised Rule 238 has not superceded *Berry v. Anderson,* 348 Pa.Super. 618, 502 A.2d 717 (1986) which states that delay damages will not be awarded where the defendant has made an offer which exhausts his resources.

duct will affect a delay damage award where it "caused the delay of trial." *Schrock v. Albert Einstein Medical Ctr.,* 386 Pa.Super. 215, 219, 562 A.2d 875, 876 (1989) (equally divided *en banc* panel). In the instant case, plaintiffs/cross-appellants delayed the start of the second trial by filing a petition for *allocatur* after this court granted a new trial to defendants/appellants. The trial court correctly determined that this appeal period was not chargeable to defendants/appellants for the purpose of calculating delay damages. However, the grant of a new trial did not relieve defendants/appellants of their responsibility to submit a written, reasonable settlement offer in order to toll the running of interest under Rule 238(b). *Sherrill v. Port Authority, supra* at 125–26, 556 A.2d at 461. Thus we conclude that the trial court was under no compulsion to exclude the entire time period from the initial complaint until the jury reached its verdict at the second trial. *Id.* The lower court correctly excluded only the time directly attributable to plaintiffs/cross-appellants' appeal to our supreme court. *See, e.g., Schrock v. Albert Einstein, supra* at 220, 562 A.2d at 877 (delay caused by overcrowding of the court system will not be subtracted from the period of delay chargeable against a defendant); *Snelsire v. Moxon,* 384 Pa.Super. 85, 557 A.2d 785 (1989) (*en banc*) (delay damages may be awarded to plaintiff who recovers in excess of 125% of defendant's settlement offer even though defendant caused no undue delay in conduct of litigation); *King v. Southeastern Pa. Transp. Auth.,* 383 Pa.Super. 420, 424–25, 557 A.2d 11, 13 (1989) (*en banc*) (drafters of revised Rule 238 have not allowed for exclusion of periods of delay not caused by either party). *But cf. Babich v. Pittsburgh & New England Trucking Co.,* 386 Pa.Super. 482, 563 A.2d 168 (1989) (no liability for delay damages where no delay was attributable to defendant and plaintiff had failed to place case at issue in speedy fashion). We therefore affirm the action of the lower court in regard to the time periods selected for the calculation of delay damages.

Plaintiffs/cross-appellants also contend that the lower court correctly employed the method they suggested for

calculating interest. Defendants/appellants have not contested the correctness of the calculations themselves, but rather have sought to exclude additional time periods from their liability for delay damages. The trial court has adequately explained the nature and result of the calculations underlying its award of delay damages and we affirm on the basis of the lower court opinion.

The final issue raised in the instant appeal is the constitutionality of Rule 238 as promulgated November 7, 1988. Defendants/appellants claim that the new delay damages rule fails to meet the due process concerns raised by *Craig v. Magee Memorial Rehab. Center*, 512 Pa. 60, 515 A.2d 1350 (1986). However, this issue is waived because the record certified on appeal does not indicate that they have raised this issue with the lower court or given written notice of their challenge to the Court Administrator of Pennsylvania as required by Pa.R.A.P., Rules 521 and 522, 42 Pa.C.S.A. *See Havelka v. Sheraskey*, 295 Pa.Super. 326, 441 A.2d 1255 (1982) (challenge to previous Rule 238 was waived on appeal where issue was not raised before trial court and no notification was given to court administrator).

Order affirmed.