CIRILLO, Judge,
concurring:
Although I concur in the result reached by the majority in affirming the orders of the trial court, I write separately to once again express my disagreement with the assessment of Rule 238 delay damages against a defendant to whom fault for the delay in payment may not be attributed. See Pa.R.C.P. 238.
Revised Rule 238 permits delay damages to be assessed against a defendant if the verdict ultimately awarded to the plaintiff exceeds 125 percent of the amount offered in settlement to the plaintiff by the defendant. Pa.R.C.P. 238(b).
Rule 238 was created with the goal of fostering early settlements so as to “alleviate delay in the disposition of cases, thereby lessening congestion in the courts.” Lau *105 denberger v. Port Authority of Allegheny County, 496 Pa. 52, 59, 436 A.2d 147, 151 (1981). Thus, the Rule is intended to encourage “reasonable written settlement offer[s] in a timely fashion.” Id.
While this is indeed a laudable goal, there exists a fatal flaw in this process. The application of Rule 238 results in penalizing defendants merely for exercising their right to due process of the law. See Dietrich et al. v. J.I. Case Co. et al., 390 Pa.Super. 475, 568 A.2d 1272 (1990) (Cirillo, P.J., concurring and dissenting); Schrock v. Albert Einstein Medical Center, 386 Pa.Super. 215, 562 A.2d 875 (1989) (Cirillo, P.J., dissenting), alloc, granted, 525 Pa. 619, 577 A.2d 891 (1990); Ceresini v. Valley View Trailer Park, 380 Pa.Super. 416, 552 A.2d 258 (1988) (en banc) (Cirillo, P.J., dissenting); see also Tindal v. Southeastern Pennsylvania Transportation Authority, 385 Pa.Super. 94, 560 A.2d 183 (1989) (en banc) (Cirillo, P.J., concurring and dissenting); Snelsire v. Moxon, 384 Pa.Super. 85, 557 A.2d 785 (1989) (en banc) (Cirillo, P.J. concurring); King v. Southeastern Pennsylvania Transportation Authority, 383 Pa.Super. 420, 557 A.2d 11 (1989) (en banc) (Cirillo, P.J., dissenting); Miller v. Wise Business Forms, Inc., 381 Pa.Super. 236, 553 A.2d 443 (1989) (en banc) (Cirillo, P.J., dissenting).
The Supreme Court of Pennsylvania has held that the assessment of Rule 238 delay damages is constitutional. See Laudenberger v. Port Auth. of Allegheny Co., 496 Pa. 52, 436 A.2d 147 (1981). However, since Laudenberger the rule has undergone much criticism and has not escaped unscathed. See, e.g., Craig v. MaGee Mem. Rehabilitation Center, 512 Pa. 60, 515 A.2d 1350 (1986).
In Craig, the Supreme Court recognized that the system of assessing delay damages created by operation of Rule 238 could not pass constitutional muster. Justice McDermott, writing for the majority, recognized that:
“[E]xperience shows that the ends sought [by Rule 238] run too tight a gauntlet through Due Process, by denial of a forum to assess fault for the delay sought to be avoided. In short, Rule 238 has become an uncontesta *106 ble presumption that all fault lies with a defendant. There are too many reasons why such is not always the case____”
Craig, 512 Pa. at 65, 515 A.2d at 1353.
Concerned with this “uncontestable presumption of fault” our Supreme Court suspended operation of the provisions of Rule 238 which assessed delay damages against a defendant without regard for fault. Id. The court further directed that all claims for delay damages must thereafter be made by petition to the judge who presided over the trial or by a panel of arbitrators, depending upon the route taken by the parties in resolving the dispute. Id.
Following the court’s holding in Craig, the Civil Procedure Rules Committee revised Rule 238 to exclude damages for the period of time:
(1) after which the defendant has made a written offer of
(i) settlement in a specified sum with prompt cash payment to the plaintiff, or
(ii) a structured settlement underwritten by a financially responsible entity,
and continued that offer in effect for at least ninety days or until commencement of trial, whichever first occurs, which offer was not accepted and the plaintiff did not recover by award, verdict or decision, exclusive of damages for delay, more than 125 percent of either the specified sum or the actual cost of the structured settlement plus any cash cost to the plaintiff; or
(2) during which the plaintiff caused the delay of the trial.
Pa.R.C.P. 238(b).
Thus, the revised Rule 238 requires that the trial judge make a determination of entitlement to and amount of delay damages, taking into account (1) whether the requisite offer of settlement has been made and (2) whether the plaintiff was responsible for the specified periods of time during which the trial was delayed. Pa.R.C.P. 238, Explanatory Comment-1988.
*107 However, revised Rule 238 has not completely alleviated the presumption of fault against the defendant. Damages may still be assessed against the defendant for that period of time which is not attributable to the plaintiff even though such delay is not directly attributable to the actions of the defendant. It is axiomatic that assessing liability without fault is contrary to the mandate of the due process clause of the United States Constitution and penalizes one for seeking out his constitutionally guaranteed right to a trial.
For this reason, I respectfully concur.