**Gallagher v. Il Sol Inc.**

C.P. of Bucks County, no. 96-000918-14-2.

*Joseph Chaiken,* for plaintiff.
*Fred J. Silverman,* for defendant.

BIESTER, *S.J.,* February 1, 2001—Before this court for consideration is plaintiff's petition for an award of delay damages pursuant to Pennsylvania Rule of Civil Procedure 238.

## FACTS

Plaintiff initiated this negligence action by complaint filed on or about February 5, 1996 against defendants, Il

Sol Inc. and Inn Management Corp.[1] The complaint arises from an incident that occurred at defendant's restaurant on January 13, 1995 wherein plaintiff was struck in the head by a chair which was being carried by a busboy. On May 5, 2000, a jury returned a verdict in favor of the plaintiff in the amount of $425,000. Subsequently, on May 9, 2000 plaintiff filed the instant petition for delay damages. On May 26, 2000 defendant filed an answer opposing plaintiff's petition for delay damages.

In the petition, plaintiff alleges that pursuant to Pa.R.C.P. 238 she is entitled to damages for delay since no settlement offers were made by the defendant following the institution of suit. Defendant objects contending that plaintiff failed to comply with the rules of discovery and that several periods of delay are attributable to plaintiff.

Delay damages are authorized by Pa.R.C.P. 238, 42 Pa.C.S. which provides, in relevant part:

"(a)(1) At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury, in the decision of the court in a non-jury trial or in the award of arbitrators appointed under section 7361 of the Judicial Code, 42 Pa.C.S. §7361, and shall become part of the verdict, decision or award.

---

1. Although there were originally two defendants in the complaint, the case proceeded to trial solely against defendant II Sol Inc.

"(2) Damages for delay shall be awarded for the period of time . . .

"(ii) in an action commenced on or after August 1, 1989, from a date one year after the date original process was first served in the action up to the date of the award, verdict or decision.

"(3) Damages for delay shall be calculated at the rate equal to the prime rate as listed in the first edition of the *Wall Street Journal* published for each calendar year for which the damages are awarded, plus one percent, not compounded.

"(b) The period of time for which damages for delay shall be calculated under subdivision (a)(2) shall exclude the period of time, if any,

"(1) after which the defendant has made a written offer of . . .

"(2) during which the plaintiff caused delay of the trial."

The basic aim of Rule 238 is to alleviate delay in the disposition of cases and foster early settlement. *Jistarri v. Fentress,* 390 Pa. Super. 209, 214, 568 A.2d 618, 621 (1989). Under Rule 238, a plaintiff is entitled to delay damages unless the defendant opposes the motion. The defendant, who bears the burden of proof, has two bases upon which to oppose the motion: (1) the requisite offer has been made, and (2) the plaintiff was responsible for the specified periods of time during which the trial was delayed. See Pa.R.C.P. 238.

Not every procedural delay is relevant to the issue of delay damages, only such occurrences that actually cause delay of trial. Explanatory comment, Rule 238. See also, *Kuchak v. Lancaster General Hospital,* 377 Pa. Super. 288, 293, 547 A.2d 372, 375 (1988) (delays in discovery not chargeable unless it is demonstrated that plaintiff failed to take reasonable steps to prepare case). A trial court is not permitted to subtract any period of time where delay on the part of plaintiff has not contributed to the breakdown of the normal progress of the litigation. *Tindal v. SEPTA,* 385 Pa. Super. 94, 102-103, 560 A.2d 183, 187-88 (1989).

In this case, the action was commenced on February 5, 1996 and the docket reflects that original process was served on defendant, Il Sol Inc. on March 26, 1996. According to Rule 238 (a)(2) (ii), delay damages would therefore begin to run on March 26, 1997, one year after original process was served.

A jury verdict was returned on May 5, 2000. The time period for calculating delay damages in this case, not taking into account any excluded periods of time, would be from March 26, 1997 to May 5, 2000. We note that the record is devoid of any written offer made by defendants to plaintiffs. Pa.R.C.P. 238(b)(1). Therefore, the only issue we must consider is whether any periods of delay should be attributed to plaintiff and excluded for the calculation of delay damages.

First, defendant contends on May 13, 1996, counsel for defendant served interrogatories and requests for production of documents on plaintiff's counsel. Defendant alleges that after receiving no responses to this discov-

ery, defendant was required to obtain a court order compelling responses. Defendant contends that plaintiff's failure to comply with the rules of discovery impeded the discovery process and prevented defendant from being able to evaluate the case for settlement purposes.

Although defendant is factually correct in this assertion, the relevant time frame in assessing delay damages in this case is from March 26, 1997 to May 5, 2000. Defendant argues that the above delay must be charged to plaintiff even though delay damages did not begin to accrue until March 26, 1997. The basis of defendant's contention is that if delays are not chargeable to plaintiff during this time period, plaintiff will have no incentive to cooperate in the discovery process during the first year of litigation.

Defendant's argument, while novel, is unsupported by the record and Pennsylvania law. The explanatory comments to Rule 238 provide that natural delays in discovery do not effect the imposition of delay damages: "[f]ailure by the plaintiff to answer interrogatories within 30 days should not affect the award of damages for delay unless the trial was delayed as a result. Otherwise, the introduction of the fault concept and its attendant hearing would create a large new field of court hearings revolving around evidence of dilatory compliance with discovery procedures, the evidence of which would consist almost entirely of attorneys testifying against each other and could be years old before the hearing. It is felt that Rule 4019 provides a vehicle, although little used at present, which can timely dispose of delay due to dis-

covery noncompliance regardless of whether or not it delays the trial."

In the present case, defendant has not shown how the delay in receiving answers to discovery prejudiced defendant's ability to engage in meaningful discovery or negotiations. Plaintiff was under court order to provide discovery answers by the end of September 1996. After that time, defendant had an additional six months in which to engage in further discovery and, in fact, did so by deposing the plaintiff on October 8, 1996. Under these facts, we do not believe that plaintiff's failure to answer discovery within 30 days during the first few months of litigation resulted in a delay of trial.

Second, defendant argues that plaintiff refused to provide timely responses to supplemental discovery which prejudiced defendant's evaluation of the case and preparation for trial.

According to the record, on May 27, 1998, defendant served plaintiff supplemental requests for production of documents seeking the production of the tax returns for the years 1996 and 1997 and a prior vocational evaluation of plaintiff concerning a 1987 automobile accident. On July 15, 1998, plaintiff produced the tax returns, but did not supply the prior vocational evaluation of Dr. Jennings. Consequently, on August 11, 1998, defendant filed a motion to compel answers to the supplemental requests for production, which was ultimately withdrawn by defense counsel on October 5, 1998.

Additionally, on April 12, 1999, defendant served supplemental interrogatories on plaintiff that sought, in-

ter alia, information concerning plaintiff's alleged occupational disability. Thereafter, on May 28, 1999, defendant filed a motion to compel answers to interrogatories. On June 14, 1999, defendant received answers to plaintiff's interrogatories.

Reviewing the record, we do not believe plaintiff should be penalized for failing to supply answers to defendant's supplemental requests for production of documents and supplemental interrogatories within 30 days. Again, we repeat that a trial court should not impute periods of delay unless it is shown that a party failed to proceed diligently. *Jistarri v. Fentress,* 390 Pa. Super. 209, 214, 568 A.2d 618, 621 (1989). While the amendment to Rule 238 introduced the concept of fault as an element for consideration of delay damages, it is defendant's burden to demonstrate that the alleged delay actually caused delay of the trial. In this instance, defendant cannot seriously maintain that plaintiff's tardiness in answering supplemental discovery actually delayed the trial of this matter.

Third, defendant contends that two periods of time should be excluded from our calculation since these delays were caused by plaintiff's refusal to cooperate in defense expert examinations.

According to defendant, on or about September 19, 1997, plaintiff provided defendant with a copy of a report of Philip Spergel Ed.D. dated September 5, 1997 concerning his psychological/vocational evaluation of plaintiff. After receiving this report, defense counsel sought to have plaintiff examined by their vocational expert, Donald E. Jennings Ed.D., but plaintiff refused

to submit to the examination. On January 16, 1998, defendant filed a petition to compel plaintiff to submit to evaluation, which was ultimately granted by this court on March 30, 1998. On April 28, 1998, Dr. Jennings examined the plaintiff.

In addition, or about April 1, 1999, defendant sought to have plaintiff examined by Roy Lerman M.D., a physical medicine and rehabilitation specialist. On June 1, 1999, defendant filed a motion to compel physical examination. Following a hearing, on August 13, 1999, this court granted defendant's motion and directed plaintiff to submit to a physical examination within 30 days. Dr. Lerman's examination occurred on September 13, 1999.

For the same reasons as stated previously, we cannot conclude that plaintiff's refusal to submit to the examinations of Dr. Spergel and Dr. Lerman caused an actual delay in the trial of this matter. According to the record, defendant continued to engage in discovery following these examinations, including the deposition of Rosella Gallagher, plaintiff's mother. Ms. Gallagher's deposition did not occur until after January of 2000. While there seems to be a reasonable question regarding plaintiff's refusal to submit to these examinations, defendant admits that it could not have been ready for trial until a discovery deposition of Rosella Gallagher was completed. See defendant's memorandum of law in opposition to plaintiff's petition for delay damages p. 8.

Finally, defendant contends that plaintiff's failure to cooperate in scheduling the deposition of plaintiff's mother, Rosella Gallagher, caused a period of delay of 110 days.

Our review of the record discloses that on October 13, 1998, plaintiff's counsel informed defendant that plaintiff would call Rosella Gallagher as a witness at trial. See petition of defendant, Il Sol Inc., for leave to take discovery deposition of Rosella Gallagher ¶3. Thereafter, on October 13, 1998, defendant's counsel requested from plaintiff's counsel dates of Rosella Gallagher's availability for deposition. See *id.* ¶4. Following this initial correspondence, defense counsel did not again attempt to obtain the deposition of Rosella Gallagher, informally or by subpoena, until January 5, 2000, after plaintiff notified defendant of his intent to place the matter on the trial list. See *id.* ¶6.

Based on these facts, we cannot confidently conclude that the delay in scheduling this fact witness was the fault of plaintiff. Over one year elapsed between the date of defendant's initial request for deposition and the date of his second request. During this period defendant could have attempted to obtain this deposition by subpoena, but simply did not. We decline to impute this delay in discovery to plaintiff since it resulted largely from defendant's procrastination in obtaining the deposition of a potentially key witness.

Consistent with the foregoing analysis, delay damages will be calculated pursuant to Rule 238(3) which provides for a rate equal to the prime rate as listed in the first edition of the *Wall Street Journal* for each year:

| Year | Delay/365 | x | Award x Percent |
|------|-----------|---|-----------------|
| 1997 | (280/365) .767 | x | 39,312.50 |
| | | | (425,000 x 9.25) = 30,152.69 |

| 1998 | (365/365) 1.00 | x | 40,375.00 |
| | | | (425,000 x 9.50) = 40,375.00 |
| 1999 | (166/365) 1.00 | x | 37,187.50 |
| | | | (425,000 x 8.75) = 37,187.50 |
| 2000 | (126/365) .345 | x | 40,375.00 |
| | | | (425,000 x 9.5) = 13,937.66 |
| Total | | | $121,652.85 |

We conclude that defendant owes plaintiff a total of $121,652.85 in delay damages. Accordingly, we enter the following order:

## ORDER

And now, February 1, 2001, upon consideration of plaintiff's petition for delay damages, it is hereby ordered and decreed that damages for delay pursuant to Pa.R.C.P. 238 are awarded to plaintiff/petitioner, Robin Gallagher, in the amount of $121,652.85.