J-S17020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| VAMSIDHAR VURIMINDI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DAVID SCOTT RUDENSTEIN, | : | No. 2520 EDA 2017 |
| ESQUIRE | : | |

Appeal from the Order Entered July 14, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  160503630

BEFORE:  BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 03, 2018**

Vamsidhar Vurimindi, an inmate at SCI-Pine Grove, appeals *pro se* from

the trial court's order denying his motion to strike/open a default judgment of

*non pros*[1] in this underlying civil action instituted against his criminal defense

attorney, Appellee David Scott Rudenstein, Esquire.  We affirm.

In April 2014, Vurimindi was convicted and sentenced to 2½ to 5 years'

incarceration and five years of probation for stalking and disorderly conduct.[2]

---

[1] Such orders are immediately appealable as of right.  **See** Pa.R.A.P.
311(a)(1)(orders refusing to open, vacate or strike judgment are appealable
as of right).

[2] 18 Pa.C.S. § 2709.1(a)(1); 18 Pa.C.S. § 5503(a)(4).  **See Commonwealth
v. Vurimindi**, CP-51-CR-0008022-2012 (Pa. Ct. Com. Pleas, Philadelphia
County, April 25, 2014).  Vurimindi was having disputes with his neighbors
who resided in the Hoopskirt Factory Lofts, located at 309-313 Arch Street in
Philadelphia.  Mutual accusations of harassment and invasion of privacy

In January 2016, the trial court appointed Attorney Rudenstein as Vurimindi's Post Conviction Relief Act[3] (PCRA) counsel. Attorney Rudenstein filed an amended PCRA petition on Vurimindi's behalf. On May 31, 2016, Vurimindi filed the instant *pro se* civil action against Rudenstein alleging bad faith and conspiracy and seeking a preliminary and permanent injunction ordering Rudenstein be precluded from representing him in his criminal matter.

On August 25, 2016, Marc L. Bogutz, Esquire, entered his appearance for Attorney Rudenstein. On January 13, 2017, Attorney Bogutz filed a notice of intent to enter judgment of *non pros*, pursuant to Pa.R.C.P. 1042.7, if Vurimindi did not file a certificate of merit within 30 days of the filing of the notice. In response, Vurimindi filed a motion to determine the need to file a certificate of merit and/or motion to appoint counsel to issue such a certificate. The court denied Vurimindi's motion on March 25, 2017, and directed that he file his certificate of merit within 20 days. Vurimindi requested that the trial court grant him additional time to file his certificate of merit and/or stay the civil proceedings until the PCRA court ruled on his petition. On May 3, 2017, the Honorable Denis P. Cohen entered an order denying Vurimindi's request

---

among Vurimindi and his neighbors led to a private criminal complaint being filed against Vurimindi, containing allegations of stalking and harassment. Ultimately the municipal court issued a mutual stay-away order. However, when Vurimindi failed to comply with the order, the Philadelphia District Attorney reinstated criminal charges against him, leading to the stalking and disorderly conduct convictions.

[3] ***See generally*** 42 Pa.C.S.A. §§ 9541-9546.

to extend the time within which to file a certificate of merit and to stay the civil proceedings.

On May 8, 2017, Attorney Rudenstein praeciped for entry of *non pros* for Vurimindi's failure to file a certificate of merit; the court entered a judgment of *non pros* in counsel's favor on the same day. On June 8, 2017, Vurimindi filed a motion to strike/open the judgment of *non pros*; Attorney Rudenstein filed an opposing motion. The court denied Vurimindi's motion on July 14, 2017. Vurimindi filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

On appeal, Vurimindi raises the following issues for our consideration:

(1) Whether [the] trial court made an error requiring [Vurimindi] to file [a] certificate of merit to assert bad faith, civil conspiracy and declaratory judgment claims against . . . counsel?

(2) Whether Pa.R.C.P. 1042.3 is substantive, because Rule 1042.3 impose[s a] burden of proof at [the] pleading stage, and conditioning indigent prisoner plaintiffs' right to access to court upon payment to third party to issue a certificate of merit and thereby violate[s] Pa. Const. Art. V § 10(c), U.S. Const. Fifth and Fourteenth Amendment's due process and equal protection clauses?

(3) Whether [the] trial court made an error in denying to appoint . . . counsel for [an] indigent prisoner plaintiff to issue a certificate of merit to assert bad faith, civil conspiracy and declaratory judgment claims?

(4) Whether [the] trial court made an error in denying to stay proceedings until [Vurimindi] obtain[ed] relief from PCRA court upon counsel David Scott Rudenstein's ineffectiveness?

(5) Whether [the] trial court made an error by failing to extend [the] time to file certificate of merit, and failing to compel counsel David Scott Rudenstein to produce discovery to allow [Vurimindi] to file [a] certificate of merit?

(6) Whether [the] trial court made an error by refusing to strike/open [the] judgment of *non pros*?

Appellant's *Pro Se* Brief, at 2-3.

When reviewing the denial of a petition to strike and/or open a judgment of *non pros*, a reviewing court will reverse the trial court only if it finds a manifest abuse of discretion. **Varner v. Classic Cmtys. Corp.**, 890 A.2d 1068, 1072 (Pa. Super. 2006), citing **Hoover v. Davilia**, 862 A.2d 591, 593 (Pa. Super. 2004). It is well-established that a motion to strike off a judgment of *non pros* challenges only defects appearing on the face of the record and that such a motion may not be granted if the record is self-sustaining. **Hershey v. Segro**, 381 A.2d 478, 479 (Pa. Super. 1977).

Pursuant to Pennsylvania Rule of Civil Procedure 3051(b), a party may obtain relief from a judgment of *non pros*:

> (b) If the relief sought includes the opening of the judgment, the petition shall allege facts showing that:
>
> (1) the petition is timely filed,
>
> (2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and
>
> (3) there is a meritorious cause of action.

Pa.R.C.P. 3051(b).

Instantly, the trial court entered *non pros* due to Vurimindi's failure to file a certificate of merit in his underlying civil action against Attorney Rudenstein. Vurimindi alleges that his bad faith/civil conspiracy claims against Rudenstein are based on ordinary negligence, "are within the comprehension of the trial judge," and, thus, because this is not a professional liability action,

- 4 -

he was not required to file a certificate of merit.[4] Appellant's *Pro Se* Brief, at 23.

The Pennsylvania Supreme Court has adopted rules governing liability actions against licensed professionals; a licensed professional includes an "attorney at law." **Sabella v. Milides**, 992 A.2d 180, 186 (Pa. Super. 2010). Pennsylvania Rule of Civil Procedure 1042.3 provides that in an action based on an allegation that a licensed professional deviated from an acceptable professional standard, a plaintiff shall file a certificate of merit with the complaint or within 60 days after the filing of the complaint. Pa.R.C.P. 1042.3. The certificate certifies that another appropriate licensed professional has supplied a written statement that there is a basis to conclude that the care, skill, or knowledge exercised or exhibited by the defendant in the treatment, practice, or work that is the subject of the complaint fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm. Rule 1042.7 provides that "[t]he prothonotary, on praecipe of the defendant, **shall** enter a judgment of non pros against the plaintiff" if no certificate has been filed, there is no pending motion for determination as to whether a certificate is required, and there is no outstanding motion for extension. Pa.R.C.P. 1042.7(a) (emphasis added).

---

[4] Even if Vurimindi believed that he could proceed in his civil action in the absence of an expert opinion, he was still required to submit a certificate of merit alleging same. **See** Pa.R.C.P. 1042.3(a)(3).

Rule 1042.3(a) also requires that an unrepresented plaintiff, like Vurimindi, file a certificate of merit and supporting written statement. Thus, a lack of understanding of Rule 1042.3 will not justify a litigant's noncompliance with its requirements. *Hoover*, *supra*; *see also Womer v. Hilliker*, 908 A.2d 269, 271 (Pa. 2006) (party's "wholesale failure" to comply with the requirements of Rule 1042.3 cannot be overlooked).

A plaintiff is not excused from filing a certificate of merit merely because he or she "fails to expressly indicate in [his or her] complaint that [he or she] is asserting a professional liability claim . . . when, in substance, the plaintiff is actually asserting a professional liability claim." *Varner v. Classic Communities Corp.*, 890 A.2d 1068, 1074 (Pa. Super. 2006). "[I]t is the substance of the complaint rather than its form which controls whether the claim against a professionally licensed defendant sounds in . . . professional malpractice." *Id.* Two questions are involved in determining whether a claim alleges ordinary negligence as opposed to professional negligence: (1) whether the claim pertains to an action that occurred within the course of a professional relationship; and (2) whether the claim raises questions of professional judgment beyond the realm of common knowledge and experience." *Merlini ex rel. Merlini v. Gallitzin Water Authority*, 934 A.2d 100, 104-105 (Pa. Super. 2007), *aff'd*, 980 A.2d 502 (Pa. 2009)). To ascertain the plaintiff's theory of liability, courts must examine the averments in the complaint. *Id.* at 105.

Here, there is no question that Vurimindi's complaint alleges professional negligence. First, the allegations are based upon his attorney-client relationship with Attorney Rudenstein in his pending PCRA matter. *See also Cost v. Cost*, 677 A.2d 1250 (Pa. Super. 1996) (attorney-client or analogous professional relationship is necessary element to maintain action in negligence for medical malpractice). The claims involve actions that occurred within the course of the PCRA proceedings and raise questions regarding court-appointed PCRA counsel's professional judgment.

Second, the allegations in the complaint raise questions of Rudenstein's professional judgment that are beyond the realm of common knowledge and experience. Specifically, the complaint alleges that Rudentstein: did not inform him when he entered his appearance; did not attempt to communicate with him regarding facts and errors that happened during his criminal trial; failed to amend his PCRA petition to include Vurimindi's 484 issues that included ineffectiveness of prior counsel; did not litigate a motion to compel; did not withdraw from representation when their attorney-client relationship broke down; had a duty to act in good faith and be loyal to him as his client; had a conflict of interest; violated his due process rights by delaying the PCRA process; denied him of his right to effective counsel; and should have ceased representation of him. Vurimindi Complaint, 5/31/16, at ¶¶ 21-49. Such claims require expert testimony. *See Storm v. Golden*, 538 A.2d 61 (Pa. Super. 1988) (where malpractice action involves complex legal claim of breach of duty or attorney's choice of trial tactics, it is requires expert testimony).

Despite the terminology Vurimindi may employ in his civil complaint, the allegations all arise from a purported deviation from an acceptable professional standard of care. ***Kituskie v. Corbman***, 714 A.2d 1027, 1029 (1998) (to maintain cause of action in negligence for legal professional malpractice, complainant must demonstrate: 1) employment of attorney or other basis for duty; 2) failure of attorney to exercise ordinary skill and knowledge; and 3) such negligence was proximate cause of damage to plaintiff). Accordingly, Vurimindi was required to comply with Rule 1042.3 and file a timely certificate of merit. Because he failed to do this, the court properly denied his motion to open/strike off the *non pros*. ***See*** Pa.R.C.P. 3051 (judgment shall be opened if petitioner alleges reasonable explanation or legitimate excuse for inactivity or delay and facts showing meritorious cause of action).

Next, Vurimindi categorizes Rule 1042.3 as a substantive rule that discriminates against him based on his economic status as a prisoner. Specifically, he asserts that because Rule 1042.3 requires an indigent prisoner[5] pay for a certificate of merit at the pleading stage of a case, his economic status prevents him from access to court, in violation of Article 5,

_____

[5] We note that on May 31, 2016, the trial court entered an order permitting Vurimindi to proceed without paying the costs of the proceeding; to obtain service of the papers filed without costs; to proceed *in forma pauperis* as to any additional costs which accrue in the course of the proceeding; and, if he is successful in the action and recovers a monetary judgment or settlement, all exonerated fees and costs shall be taxed as costs and paid to the office of judicial records by the opposing party.

Section 10(c) of the Pennsylvania Constitution and the 5th and 14th Amendments to United States Constitution. In short, he deems the rule unconstitutional as applied to him. **See** Vurimindi's Motion to Determine Need for Certificate of Merit, 2/15/17, at ¶ 36. Pennsylvania Rule of Appellate Procedure 522 requires "a party who draws in question the constitutionality of any general rule to give notice in writing to the Court Administrator of Pennsylvania." Pa.R.A.P. 522(a). Failure to do so results in wavier of the issue on appeal. **Havelka v. Sheraskey**, 441 A.2d 1255 (Pa. Super. 1982). Here, Vurimindi has not provided such notice; thus, we find his claim waived.

Vurimindi next asserts that the trial court erred in denying his request for counsel. It is well-established that a litigant does not have a right to counsel in a civil matter. **May v. Sharon**, 546 A.2d 1256, 1259 (1988) (no constitutional or statutory right to appointment of counsel in private litigation). Thus, this claim is meritless.

In addition, we find no merit to Vurimindi's claim that the court erred in denying his request for an extension within which to file a certificate of merit. Under Rule 1042.3(d), a court upon good cause shown shall extend the time for filing a certificate of merit for a period not to exceed 60 days. Pa.R.C.P. 1042.3. Instantly, Vurimindi had been given almost an entire year to file a certificate of merit (from the date that he filed his civil complaint until the court entered *non pros*). In fact, due to his protracted, baseless *pro se* motions, Vurimindi received, in essence, a four-month extension to file his certificate. Under such circumstances, we do not find that the court abused

its discretion in denying his extension request where it found that he had not shown good cause. Pa.R.C.P. 1042.3(d).

Vurimindi next asserts that the court erred in failing to compel Attorney Rudenstein to produce discovery to allow him to file a certificate of merit. Specifically, Vurimindi claims that without Attorney Rudenstein's answers to interrogatories and certain requested documents, he is unable to have an attorney review the necessary records to determine the validity of his legal malpractice claim. The record reveals that Attorney Rudenstein sent Vurimindi the contents of his file in the PCRA matter, including the amended petition he filed on his behalf. Letter from David S. Rudenstein, Esquire, to Vamsidhan Vurimindi, 1/5/17. Moreover, pursuant to Rule 1042.5, "[e]xcept for the production of documents and things or the entry upon property for inspection and other purposes, a plaintiff who has asserted a professional liability claim may not, without leave of court, seek any discovery with respect to that claim prior to the filing of a certificate of merit." Pa.R.C.P. 1042.5. Here, Vurimindi's failure to file a certificate of merit superseded any request for discovery from Attorney Rudenstein. Failure to file the certificate is fatal to Vurimindi's case; he must comply with the requirements of rule 1042.3 regardless of discovery. *See* Pa.R.C.P. 1042.5.

Finally, Vurimindi claims that the trial court erred in denying his motion to stay the instant civil action until his PCRA petition was ruled upon. Specifically, he alleges that he is unable to state a legal malpractice claim against Attorney Rudenstein because he did not first exhaust his post-trial

remedies and obtain relief dependent upon trial counsel[']s errors." Appellant's Brief, at 41-42. We disagree. By permitting Vurimindi's criminal matter to proceed, the court did not put him at any greater risk of failing to state a civil claim in his professional negligence action. Rather, Vurimindi's own nonfeasance, by failing to file a certificate of merit, foreclosed any potential civil claim he may have had against Attorney Rudenstein.

Order affirmed.[6]

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/3/18

---

[6] We herein deny Vurimindi's application to strike the portions of Attorney Rudenstein's reproduced record that contains copies of the notes of testimony from Vurimindi's trial and PCRA proceedings.